**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-CIV-80994-ZLOCH/HUNT**

| | |
|---|---|
| **CONNECTICUT GENERAL LIFE** | ) |
| **INSURANCE COMPANY AND CIGNA** | ) |
| **HEALTH AND LIFE INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **SKY TOXICOLOGY, LTD., SKY** | ) |
| **TOXICOLOGY LAB MANAGEMENT,** | ) |
| **LLC, FRONTIER TOXICOLOGY, LTD.,** | ) |
| **AND HILL COUNTRY TOXICOLOGY,** | ) |
| **LTD.** | ) |
| | ) |
| **Defendants.** | ) |
| _____/ | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT**
**TO RULES 12(b)(1) AND 12(b)(6), FED. R. CIV. P.**

KELLY, SUTTER & KENDRICK, P.C.
J. Douglas Sutter
Federal Bar No. 3791
Texas Bar No. 1952550
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056
Telephone: (713) 595-6000
Facsimile:  (713) 595-6001
**Counsel for Defendants**

NICHOLSON & EASTIN, LLP
Erin M. Ferber, Esq.
Florida Bar No. 68216
707 NE Third Ave., Suite 301
Fort Lauderdale, FL 33304
Telephone: (954) 634-4400
Facsimile:  (954) 634-4418
**Local Counsel Only**

ATTORNEYS FOR DEFENDANTS

# TABLE OF CONTENTS

PREAMBLE ......................................................................................................... 1

FACTUAL BACKGROUND ................................................................................ 1

SUMMARY OF MOTION ................................................................................... 2

STANDARD OF REVIEW .................................................................................. 3

ERISA PRE-EMPTION ....................................................................................... 4

    CIGNA'S CLAIMS ARE PRE-EMPTED BY ERISA: ................................................ 4

    CONFLICT PRE-EMPTION: ................................................................................ 7

    COMPLETE PRE-EMPTION: ............................................................................... 9

    COMPLETE PRE-EMPTION ALSO CONSTITUTES CONFLICT PRE-EMPTION: ................. 12

IN THE ALTERNATIVE, CIGNA MAY NOT  OBTAIN DECLARATORY JUDGMENT RELIEF ....................................................................................................... 12

NO BASIS FOR EXEMPLARY/TREBLE DAMAGES ................................... 12

NO BASIS FOR THE REQUEST FOR ATTORNEYS' FEES ......................... 13

IN THE ALTERNATIVE, CIGNA LACKS STANDING ................................ 13

    CIGNA LACKS STANDING TO PURSUE ITS STATE LAW CLAIMS ON BEHALF OF THE SELF-FUNDED PLANS BECAUSE IT IS NOT THE REAL PARTY-IN-INTEREST: ................. 13

    CIGNA DOES NOT HAVE STANDING TO BRING ITS STATE LAW CAUSES OF ACTION BECAUSE  ALL OF THE ALLEGED DAMAGES WERE BORNE BY THE SELF-FUNDED PLANS, NOT BY CIGNA: .................................................................................. 14

    CIGNA IS NOT THE REAL PARTY-IN-INTEREST BECAUSE CIGNA CANNOT BRING TORT CLAIMS IN ITS OWN NAME FOR THE DAMAGES ALLEGEDLY SUFFERED BY THE  SELF-FUNDED PLANS UNDER STATE LAW AGENCY PRINCIPLES: ................................... 15

    THE SELF-FUNDED PLANS AND THEIR ADMINISTERING EMPLOYERS ARE  PERSONS WHO MUST BE JOINED TO CIGNA'S CLAIMS: ................................................... 16

    THE SELF-FUNDED PLANS ARE NECESSARY PARTIES UNDER RULE 19(A)(1): ............. 17

ALTERNATIVE REQUEST PURSUANT TO RULE 9(B), FED. R. CIV. P. .......... 18

CONCLUSION ....................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Cases:**

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-209, 213, 220-221 (2004) ..........4, 5, 9, 10, 11, 12

*Alcalde v. Blue Cross & Blue Shield Florida, Inc.*, 62 F.Supp.3d 1360, 1362
(S.D. Fla. 20014)............................................................................................................6

*Allen v. Wright*, 468 U.S. 737, 750 (1984) ...............................................................................13

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ......................................................................3

*Auto National, Inc. v. United Healthcare Ins. Co.*, 423 F.Supp.2d 1265, 170 (S.D. Fla. 2006) .....6

*Baker v. Carr*, 369 U.S. 186, 204 (1962)...................................................................................14

*Bank of Louisiana v. Aetna U.S. Healthcare, Inc.,* 468 F. 3d 237, 242 (5th Cir. 2006)................8

*Bast v. Prudential Ins. Co. of Am.*, 150 F. 3d 1003, 1009 (9th Cir. 1998) ...................................11

*Bd. of Miss. Levee Comm'rs v. EPA*, 674 F.3d 409, 417 (5th Cir. 2012) ....................................14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556, 570 (2007)................................................3, 4

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ...........................................13

*Blue Cross & Blue Shield of Rhode Island v. Korsen*, 746 F. Sup. 2d 375, 387
(D.I.R. 2010) .............................................................................................................7, 11

*Butero  v. Royal Maccabees Life Ins. Co.*, 174 F. 3d 1207 (11th Cir. 1999)..................................9

*Cannon v. Group Health Servs. of Okla., Inc.*, 77 F. 3d 127, 1274 (10th Cir. 1996) ...................12

*Cantrell v. Currey*, 407 F.Supp.2d 1280, 1291 (M.D. Ala. 2005)...................................................6

*Christopher v. Mobile Oil Corp.*, 950 F. 2d 1209, 1220 (5th Cir. 1992), cert. denied,
506 U.S. 820 .............................................................................................................12

*Coldesina, D.D.S. v. Estate of Simper*, 407 F. 3d 1126, 1139 (10th Cir. 2005) ...........................11

*Connecticut Gen'l Life Ins. Co. et al. v. La Peer Surgery Center, LLC et al.*,
No. 2:13–cv–03726, 2014 WL 961806 (C.D. Cal. March 12, 2014) ......................................15

*Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337
(11th Cir. 2009)..........................................................................................................8, 9

*Cunningham v. Dun & Bradstreet Plan Servs., Inc.,* 889 F. Supp. 932, 937 (N.D. Miss. 1995) ....7

*Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)..................................................................3

*E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F. 3d 785, 797 (5th Cir. 2008)........................8, 9

*Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 276 n.34 (5th Cir. 2004)........................8

*Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Sup. 2d 938, 950 n.3
(E.D. Tex. 2011) ...................................................................................................8

*Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107
(9th Cir. 2011) ...................................................................................................12

*Franks v. Prudential Healthcare Plan, Inc.*, 164 F. Sup. 2nd 865, 873 (W.D. Tex. 2001).......6, 12

*Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997).........................5

*Giles v. NYLCare Health Plans, Inc.*, 172 F. 3d 332, 337 (5th Cir. 1999) ...................................9

*Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 102 (5th Cir. 1989) ...................14

*Goss v. Firestone Polymers, LLC*, No. Civ. A. 1:04-cv-665, 2005 WL 1004717
(E.D. Tex. April 13, 2005) ...................................................................................6

*Hall v. Blue Cross/Blue Shield of Ala.*, 134 F.3d 1063, 1065-66 (11th Cir. 1998) ........................6

*Hansen v. Cont'l Ins. Co.*, 940 F. 2d 971, 979 (5th Cir. 1991)...................................................6, 7

*Harold H. Huggins Realty, Inc. v. FNC, Incorporated*, 634 F.3d 787, 795 n.2
(5th Cir. 2011)...............................................................................................14, 15

*Health Care Serv. Corp. v. TAP Pharm. Prods., Inc.*, 274 F. Supp. 2d 807
(E.D. Tex. 2003) ...................................................................................................6

*Healthcare Service Corp. v. TAP Pharmaceutical Products, Inc.*, 274 F. Sup. 2d 807, 812
(E.D. Tex. 2003) .................................................................................................11

*HS Resources, Inc. v. Wingate*, 327 F. 3d 432, 438 (5th Cir. 2003)..............................................17

*In re Lorazepam & Clorazepate Antitrust Litigation*, 631 F.3d 537, 540 (D.C. Cir. 2011)..........15

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142, 111 S.Ct. 478 (1990) ..............................8

*Kickapoo Tribe of Oklahoma v. Lujan*, 728 F. Supp. 791 (D.D.C. 1990) ...................................18

*King v. Bluecross Blueshield of Alabama*, 439 Fed. Appx. 386, 389 (5th Cir. 2011) ...................8

*Kmatz v. Metro. Life Ins. Co.*, 458 F. Supp. 2d 553, 560 (S.D. Ohio 2005)................................12

*Lab. Physicians, PA v. AvMed, Inc.*. No. 8:08-cv-1726, 2009 WL 2486328 at *1
(M.D. Fla. Aug. 10, 2009) ...................................................................................6

*Linsey v. E.F. Hutton & Co.*, 675 F. Supp. 1, 5 (D.D.C. 1987) ...................................................16

*Lister v. Start*, 890 F. 2d 941, 944 (7th Cir. 1989).....................................................................9

*Lone Star OB/GYN Associates v. Aetna Health*, 579 F. 3d 525, 532 (5th Cir. 2009).............10, 11

*McConnell v. Fed'l Election Comm'n*, 540 U.S. 93, 225–226 (2003) ..........................................13

*Moorer v. Hartz Seed Co.*, 120 F. Supp. 2d 1283, 1289 (M.D. Ala. 2000)............................15, 16

*North Cypress Medical Center Oper. Co., Ltd., et al v. Cigna Healthcare, et al.*,
781 F.3d 182 (5th Cir. 2015) .........................................................................6, 7, 11

*North Cypress Medical S at 132; Sanders v. UNUM Life Ins. Co.*, 227 F. Supp. 2d at 613-14 (N.D. Tex. 2002).................................................................................................................7

*Lee v. E.I. DuPont de Nemours & Co.*, 894 F. 2d 755 (5th Cir. 1990)...........................................6

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) .................................................................5

*Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006) ...............................................17

*Quality Infusion Care, Inc. v. Unicare Health Plans of Tex.*, No. H-06-1689, 2007 WL 760368, at *2 (S.D. Tex. March 8, 2007) ..............................................................8

*R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) ..............................................4

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).....................................................14

*Sanders v. UNUM Life Ins. Co.*, 227 F. Supp. 2d at 613-14 (N.D. Tex. 2002) ..............................7

*Sarkisyan v. Cigna Healthcare of California, Inc.*, 613 F. Supp. 2d 1199, 1209 (S.D. Cal. 2009) ....................................................................................................11, 13

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983).........................................................................8

*Smith v. State Farm Fire & Casualty Co.*, 633 F.2d 401, 405 (5th Cir. 1980)............................17

*Soberary Machine & Equipment Co. v. MRF Ltd.*, 181 F.3d 759 (6th Cir. 1999) .......................18

*Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) ..............4

*St. Luke Episcopal Hospital v. Acordia Nat'l n. News Kunstsbo*, No. H-05-1438, 2006 WL 3093132, at *11 (S.D. Tex. June 8, 2006) ...............................................................11

*Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998)...................................................13

*Steiner v. Clisby*, 103 Ala. 181, 15 So. 612, 615 (1894)...............................................................16

*Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 819-821 (9th Cir. 1985)...................18

*Texas Pharm. Ass'n. v. Prudential Ins. Co. of Am.*, 105 F. 3d, 1035, 1037 (5th Cir. 1997) cert. denied 522 U.S. 820)...............................................................................12

*UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ...............................6

*Warth v. Seldin*, 422 U.S. 490, 498–499 (1975) ...................................................................13, 14

*Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) ......................................14, 15

*Woods v. Tex. Aggregates, L.L.C.*, 459 F. 3d 600, 602 (5th Cir. 2006)........................................8, 9

**Statutes:**

29 U.S.C. § 1002(21)(A)(iii)............................................................................................................4

29 U.S.C. 1003(a) ...........................................................................................................................4

29 U.S.C. § 1132..............................................................................................................................7

iv

29 U.S.C. § 1132(a) ...........................................................................................9

29 U.S.C. § 1132(a)(1)(B) .................................................................................9

29 U.S.C. § 1132(a)(3).............................................................................3, 9,  19

29 U.S.C. § 1144 .............................................................................................12

29 U.S.C. § 1144(a) ...................................................................................4, 7, 8

Fla. Stat. § 456.054, Anti-Referral and Anti-Kickback ......................................3, 5

Fla. Stat. § 817.505, Anti-Referral and Anti-Kickback ...................................3, 5, 7

Fla. Stat. §§ 501.201, *et. seq.*, Deceptive and Unfair Trade Practices Act ...............3, 5

§ 374(2) (1957), Restatement (Second) of Agency ..........................................16

§ 74.001, Tex. Civ. Prac. & Rem. Code, Texas Health Care Liability Act .............10

ERISA § 502 ......................................................................................................8

ERISA § 502(a).......................................................................................5, 7, 12, 13

ERISA § 502(a)(3)...............................................................................1, 3, 9, 19

ERISA § 502(a)(1)(B)...................................................................................5, 9, 10

ERISA § 502(a)(1)(B), and (2) .............................................................................5

ERISA § 514 ...............................................................................................4, 7, 9, 12

ERISA § 514(a)....................................................................................................8

**Rules:**

Rule 9(b), Fed. R. Civ. P. ....................................................................................19

Rule 12(b), Fed. R. Civ. P. ..................................................................................13

Rule 12(b)(1), Fed. R. Civ. P. ..........................................................................1, 13

Rule 12(b)(6), Fed. R. Civ. P. ......................................................................3, 14, 15

Rule 12(b)(7), Fed. R. Civ. P. ..............................................................................18

Rule 17(a), Fed. R. Civ. P. .............................................................................14, 20

Rule 19(a)(1), Fed. R. Civ. P. ......................................................................16, 18, 20

Rule 19(a)(2) , Fed. R. Civ. P. .............................................................................18

Rule 19(a)(1)(B), Fed. R. Civ. P. ..........................................................................18

## ABBREVIATIONS AND REFERENCES:

Throughout this pleading, the following abbreviations and/or references are utilized:

ASO   – Cigna's "Administrative Services Only" Agreements with Plan Sponsors

CMS   – Center for Medicare & Medicaid Services.

Cigna   – collectively, Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company

Complaint  – Cigna's Complaint (Dkt. No. 1).

INN   – in-network.

OON   – out-of-network.

Sky   – collectively, Sky Toxicology, Ltd., Sky Toxicology Lab Management, LLC, Frontier Toxicology, Ltd. and Hill Country Toxicology, Ltd.

TPA   – Third Party Administrator.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-CV-80994-ZLOCH/HUNT**

| | |
|---|---|
| CONNECTICUT GENERAL LIFE | ) |
| INSURANCE COMPANY, et al. | ) |
| | ) |
| vs. | ) |
| | ) |
| SKY TOXICOLOGY, LTD., et al. | ) |
| _____ / | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT**
**TO RULES 12(b)(1) AND 12(b)(6), FED. R. CIV. P.**

Defendants Sky Toxicology, Ltd., Sky Toxicology Management, LLC, Frontier Technology, Ltd., and Hill Country Toxicology, Ltd. (collectively, "Sky") hereby submit their Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), FED. R. CIV. P., and state as follows:

**PREAMBLE**

1.     Cigna admits that "*the vast majority of [its] plans are governed by ERISA*." (Dkt. 1, p. 9, ¶ 30). Therefore, all of the claims for healthcare benefits at issue which are "governed by ERISA" are pre-empted. Cigna's Complaint is a classic example of an ERISA TPA fiduciary bringing pre-empted state laws statutory claims, common law fraud claims, common law tort claims and declaratory requests for relief based upon state law *on behalf of employer plan sponsors*. The Court should therefore only make short shrift of those state law claims prior to dismissing all of them except for those claims pertaining to ERISA § 502(a)(3). (Dkt. 1). There is no issue that Cigna's plans are fully funded, employer plans covered by ERISA as Cigna admits "in that they are non-governmental employee health and welfare benefit plans maintained by employers for the benefit of their employees and do not fall within any ERISA safe harbor provision." (Dkt. 1, p. 9, ¶ 30). Cigna claims that there "are hundreds of ERISA-governed plans associated with the healthcare benefit claims on which Cigna seeks recovery." (*Id.*)

**FACTUAL BACKGROUND**

2.     Cigna is a health insurance company that either directly insures or administers ERISA employee health and welfare benefit plans  (Dkt. 1, p. 1) as a claims administrator/TPA

1

of those benefit plan and has sole, discretionary authority to determine whether a provider's claims are covered and if they are covered, when and what to pay pursuant to the plans/policies. (*Id.*)  Cigna plans provide for OON benefits, that is, they provide for coverage wherein Cigna's members/beneficiaries go to OON facilities and obtain services and goods and the plans are required to pay for same.  (Dkt. 1, p. 7, ¶ 21).

3.      Cigna admits that it is a "claims fiduciary with respect to the plans at issue…as it exercises discretionary authority over plan assets and plan administration."  (*Id.*, p. 7, ¶ 23).

4.      The Defendants are secondary providers, diagnostic laboratories which provide testing on urine samples.  Sky does not directly interface with any of the Cigna members, but rather, physicians and/or healthcare providers directly provide medical care and assistance to their patients when they determine that laboratory testing is medically necessary on urine samples; these primary providers will send samples to Sky to perform tests on same.  (*Id.*, p. 2). Therefore, Sky does not make any direct representations to Cigna members.  Cigna members *never* directly communicate and/or inter-face with Sky prior to the tests being conducted on their urine samples.  The *only* communications between the Cigna members and Sky would be with regard to the subsequent billing by Sky of the Cigna members for any patient responsibility amounts or other amounts that may be due and owing by the members which are not "covered" under the Cigna plans.

5.      Cigna admits that Sky is OON with it, meaning that there is no contract between Cigna and Sky wherein Sky has become an INN provider.  Cigna's members can *only* obtain covered benefits through Sky when their plans/policies expressly provide for OON benefits.  (*Id*, p. 7, ¶ 21).

6.      Cigna claims that with regard to the majority of the ERISA plans, it acts as a TPA fiduciary and is therefore filing this lawsuit "to recover any overpayments *made by the plans or the plans' behalves*."  (*Id*., p. 7, ¶ 23).

## SUMMARY OF MOTION

7.      Cigna filed its Complaint on July 17, 2015 (Dkt. 1), alleging that it overpaid Sky for health claims.  Cigna claims that Sky violated Florida's Anti-Referral and Anti-Kickback

Statutes, Fla. Stats. §§ 817.505, 456.054, the Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stats. §§ 501.201, *et. seq.* and based thereon, Cigna alleges causes of action for (a) fraud; (b) negligent misrepresentation; (c) money had and received; (d) unjust enrichment/*quantum meruit*; (e) tortious interference with plan contracts; (f) FDUTPA violations; (g) ERISA § 502(a)(3); and, (h) request for declaratory relief for the return of money paid and attorneys' fees pursuant to State law.  To support these claims, Cigna specifically cites to what it contends are applicable "exclusions" in its ERISA plans that support its position not to pay any money to Sky for its claims.  (Dkt. 1, pp. 15-16, ¶ 55).  All of these causes of action, except ERISA § 502(a)(3), are pre-empted by ERISA.

8. Any claim for equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), excludes monetary damages of any kind including exemplary and compensatory damages.  (Dkt. 1).

9. Finally, Cigna has no standing to bring claims on behalf of self-funded plans and the proper parties-at-interest, the plan sponsors and self-funded plans, are not parties to this case.

## STANDARD OF REVIEW

10. "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

11. Ultimately, the question for the court to decide is whether the complaint states a

valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950. The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

## ERISA PRE-EMPTION

***Cigna's Claims are Pre-Empted by ERISA:***

12.     ERISA governs "any employee benefit plan if it is established or maintained (a) by any employer engaged in commerce or in any industry or activity affecting commerce; or (b) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (c) by both." 29 U.S.C. 1003(a).  Almost all of the Cigna plans for each of the two years at issue as well as for all times are admittedly self-funded employer plans and/or fully insured policies and Cigna admits that they are ERISA employee welfare benefit plan[s] which "are governed by ERISA." (Dkt. 1, ¶ 30, p. 9).

13.     A party is a fiduciary under ERISA "to the extent . . . he has any discretionary authority or discretionary responsibility in the administration of [an employee benefit] plan." 29 U.S.C. § 1002(21)(A)(iii).  "When administering employee benefit plans, HMOs [and PPOs] must make discretionary decisions regarding eligibility for plan benefits, and, in this regard, must be treated as plan fiduciaries….Classifying any entity with discretionary authority over benefits determinations as anything but a plan fiduciary would thus conflict with ERISA's statutory and regulatory scheme." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 220-221 (2004).  Under both ERISA and applicable case law, Cigna admits that it is a fiduciary under the plans because it exerts control over plan administration and assets.  (Dkt. 1, pp. 7-9, ¶¶ 23-27).

14.     ERISA § 514 broadly pre-empts, with very limited exceptions, "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  Courts have interpreted this to mean that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy *exclusive* and is therefore pre-empted." *Davila*,

4

542 U.S. at 209.  Pre-emption exists because "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA."  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).  In light of this, the *Davila* Court set a two-part guideline for determining pre-emption of state law claims.  Claims are pre-empted if "[1] an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and (2) where there is no other independent legal duty that is implicated by the defendant's actions."  *Davila*, 541 U.S. at 207.  Cigna uses discretionary authority in handling the plans at issue and that it is admittedly administering those claims.  Cigna is therefore acting as a fiduciary when it makes claims determinations under ERISA. (Dkt. 32, p. 9, ¶ 25).  As a fiduciary, Cigna would *only* be entitled to relief under ERISA § 502(a).  Similarly, but for the existence of the plan language and Cigna's ASO Agreements to administer them on behalf of the self-funded employers, there would be no relationship between Sky and Cigna with regard to those claims.  Cigna's claims for relief pursuant to Florida statutory violations (Fla. Stats. § 817.505, § 456.054 and §§ 501.201, *et seq.*) and the state common law claims for fraud, negligent misrepresentation, money had and received, unjust enrichment/*quantum meruit*, tortious interference with the Cigna plans and FDUTPA as well as requests for declaratory judgment relief and monetary, exemplary and trebled damages and attorneys' fees based upon State law claims.  Therefore, Cigna's claims seek alternate statutory remedies that *not* only are inapplicable but would also directly undermine ERISA's governance of the plans at issue.

15.     With regard to Cigna's particular claims for statutory violations and tort claims as well as claims for extra-ordinary relief, each of these is a State law cause of action that relates to the interpretation and payment of various ERISA plans and policies that Cigna administers.  Federal courts have routinely held that these causes of action are completely pre-empted by ERISA.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, (1987) (pre-empting breach of contract, breach of fiduciary duties and fraud-in-the-inducement claims relating to ERISA plans); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (pre-empting state law claims "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits"); *Hall v. Blue Cross/Blue Shield of Ala.*, 134 F.3d 1063, 1065-66 (11th Cir. 1998) (pre-empting fraudulent inducement claims because "no court will be able to determine whether [plaintiff] has

been fraudulently induced without resorting to the written policy and assessing the truth of the agents' representation"); *Alcalde v. Blue Cross & Blue Shield Florida, Inc.*, 62 F.Supp.3d 1360, 1362 (S.D. Fla. 20014) (pre-empting claims for breach of contract, open account, *quantum meruit*/unjust enrichment and FDUTPA); *Auto National, Inc. v. United Healthcare Ins. Co.*, 423 F.Supp.2d 1265, 170 (S.D. Fla. 2006) ("there is no dispute that courts have consistently held that state law claims brought by individual beneficiaries (often employees) that essentially seek to recover improperly denied benefits are preempted by ERISA because the state law claims 'relate to' an ERISA plan"); *Cantrell v. Currey*, 407 F.Supp.2d 1280, 1291 (M.D. Ala. 2005) (pre-empting breach of contract and fraud claims based on plaintiffs' allegations that "an oral agreement was reached with management that entitles them to ERISA benefits as a matter of contact" which implicated the ERISA plan); *Lab. Physicians, PA v. AvMed, Inc.*. No. 8:08-cv-1726, 2009 WL 2486328 at *1 (M.D. Fla. Aug. 10, 2009) (pre-empting and dismissing *quantum meruit*, unjust enrichment and claims based on Florida statutes where plaintiff brought the "action to recover for services rendered to Defendants' members who are covered under employer-provided group health insurance policies"); *North Cypress Medical Center Oper. Co., Ltd., et al v. Cigna Healthcare, et al*, 781 F.3d 182 (5th Cir. 2015); *Lee v. E.I. DuPont de Nemours & Co.*, 894 F. 2d 755 (5th Cir. 1990) (state law fraud and misrepresentation claims pre-empted without regard to whether ERISA provides a remedy); *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) (claims for unjust enrichment by the insurer to recover overpayment were pre-empted); *Health Care Serv. Corp. v. TAP Pharm. Prods., Inc.*, 274 F. Supp. 2d 807 (E.D. Tex. 2003) (unjust enrichment and fraud claims arising from alleged overcharging and seeking equitable relief were pre-empted by ERISA); *Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865 (W.D. Tex. 2001) (state law claims pre-empted by ERISA); *Goss v. Firestone Polymers, LLC*, No. Civ. A. 1:04-cv-665, 2005 WL 1004717 (E.D. Tex. April 13, 2005) (summary judgment granted on all contract and state law claims).

16.     Even if Cigna is left *without* an ERISA-based remedy, each of the State law claims will remain pre-empted.   *Hansen v. Cont'l Ins. Co.*, 940 F. 2d 971, 979 (5th Cir. 1991) ("ERISA's pre-emption provision bars state law causes of action even though such pre-emption may leave a victim of fraud or misrepresentation without a remedy").   Other courts have reached the *same* conclusions even when there are claims raised by the insurer alleging fraud and misrepresentation by the provider. *Blue Cross & Blue Shield of Rhode Island v. Korsen*, 746 F.

Supp. 2d 375, 380-82 (D.R.I. 2010) (state law claims for breach of contract and fraud are converted to ERISA claim for injunctive and equitable relief); *Cunningham v. Dun & Bradstreet Plan Servs., Inc.*, 889 F. Supp. 932, 937 (N.D. Miss. 1995) (citing *Hansen*, 940 F.2d at 979). Cigna's request for monetary/ compensatory relief is trumped by ERISA § 502(a).

17.     Cigna's Complaint states that its cause of action for fraud arise from Sky's submission of "benefit claim forms" (UB-04 forms) and that these are related to amounts to be paid as reimbursement for Cigna's plans.  (Dkt. 1, p. 21, ¶ 86).  *Regardless* of the veracity of Cigna's allegations, the fraud-based and other State law claims are related to the interpretation and payment of ERISA-based plans administered by Cigna.  Any common law fraud-type causes are therefore subsumed into ERISA.  *See* ¶ 15, *supra*.

18.     Similarly, Cigna's negligent misrepresentation and other tort claims dovetail with its fraud-based claims.  This cause also relates to "benefit claim forms" concerning Cigna plan members and its processing of these forms pursuant to its administration of the plans.  (Dkt. 1, ¶ 86).  There is *no* aspect of this cause that arises outside the scope of the interpretation of ERISA plan language.  Cigna's negligent misrepresentation and other tort claims are also entirely pre-empted by the statutory framework of ERISA.  See again ¶ 15, *supra*.

19.     Cigna pleads for recovery under an unjust enrichment/*quantum meruit* theory, but these causes have always been pre-empted by ERISA. (*Id.*) Cigna ties its unjust enrichment/*quantum meruit* claim directly to its allegations that Sky benefitted by fraud or misrepresentation.  Sky's alleged "benefit" from Cigna arises from the interpretation and payment of claims made pursuant to ERISA plans' language.  This is again a classic example of a cause of action that is pre-empted by ERISA.  *Id.; North Cypress* at 132; *Sanders v. UNUM Life Ins. Co.*, 227 F. Supp. 2d at 613-14 (N.D. Tex. 2002).  For the reasons noted upon, each of Cigna's claims based upon Florida *and* Texas statutes and common law must be dismissed. (Dkt. 1, ¶¶ 79, 86, 94, 103)

***Conflict Pre-Emption:***

20.     There are two types of ERISA pre-emption:  (a) conflict pre-emption under ERISA § 514, 29 U.S.C. § 1144 and (b) complete pre-emption under ERISA § 502, 29 U.S.C. § 1132. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir.

2009); *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F. 3d 785, 797 (5th Cir. 2008); *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 276 n.34 (5th Cir. 2004); *Quality Infusion Care, Inc. v. Unicare Health Plans of Tex.*, No. H-06-1689, 2007 WL 760368, at *2 (S.D. Tex. March 8, 2007).

21.     "Section 514(a) of ERISA, 29 U.S.C. § 1144(a), pre-empts 'any and all state laws insofar as they may now or hereafter relate to any employee benefit plan' covered by ERISA." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983). "Section 514(a) was intended to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among or between States and the Federal Government." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990). To determine whether a state law relates to an employee benefit plan, courts are to consider (1) "'whether the State law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and, (2) whether the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.'" *King v. Bluecross Blueshield of Alabama*, 439 Fed. Appx. 386, 389 (5th Cir. 2011) (unpublished) (quoting *Woods v. Tex. Aggregates, L.L.C.*, 459 F. 3d 600, 602 (5th Cir. 2006)).

22.     Section 514 expressly pre-empts State law claims that "*relate to*" a qualified benefit employee plan.  29 U.S.C. § 1144 (a).  State law claims "relate to" an ERISA plan when they meet the simple two part test:

> (1) [] the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; *and,*

> (2) [] the claims directly affect the relationship among the traditional entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries.  *Woods v. Tex. Aggregates, LLC,* 459 F. 3d 600, 602 (5th Cir. 2006).

The conflict pre-emption under § 514 is also an affirmative defense.  *Anthem, supra* at 1337; *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Sup. 2d 938, 950 n.3 (E.D. Tex. 2011); *Bank of Louisiana v. Aetna U.S. Healthcare, Inc.*, 468 F. 3d 237, 242 (5th Cir. 2006)).

8

23. In *Butero v. Royal Maccabees Life Ins. Co.,* 174 F. 3d 1207 (11th Cir. 1999), the Eleventh Circuit affirmed the dismissal of State law claims based on conflict pre-emption after those claims were initially removed to Federal court on the ground of complete pre-emption. The Seventh Circuit has similarly held that claims that are completely pre-empted are *also* substantively pre-empted under a conflict pre-emption analysis. *Id.*; *Lister v. Start,* 890 F. 2d 941, 944 (7th Cir. 1989), cert. denied, 498 U.S. 10, 11 (1990).

**Complete Pre-Emption:**

24. "ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), 'sets forth a comprehensive civil enforcement scheme' that 'would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.'" *Anthem, supra* at 1337; *Sawyer*, 517 F. 3d at 797 (quoting *Davila*, 542 U.S. at 208-09). "Accordingly, 'any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.'" *Id.* (quoting *Davila*, 542 U.S. at 209). *See also*, *Giles v. NYLCare Health Plans, Inc.*, 172 F. 3d 332, 337 (5th Cir. 1999) ("Section 502, by providing a civil enforcement cause of action, completely pre-empts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action."). ERISA § 502(a)(1)(B) provides a cause of action "by a participant or beneficiary … to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Similarly, ERISA § 502(a)(3) provides for an additional cause "by a participant, beneficiary or fiduciary (a) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (b) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." *Id.* § 1132(a)(3). A fiduciary, as Cigna admits it is, is defined as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of

such plan.  (*Id.*)

25.     In *Davila*, the Supreme Court established a two-part test for determining when a claim is completely pre-empted. There, the two respondents had sued their HMOs for alleged failures to exercise ordinary care in the handling of coverage decisions in violation of Texas law. 542 U.S. at 204. Reversing the Fifth Circuit, the Court held that the causes under the Texas Health Care Liability Act, § 74.001, TEX. CIV. PRAC. & REM. CODE ("THCLA") were completely pre-empted by ERISA and hence removable from state to federal court. *Id.* The Court determined that "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.* at 210.  The Court explained that the duties imposed by the THCLA did not arise independently of ERISA or the plan terms. *Id.* at 212. Although the THCLA imposes a duty of care on managed care entities, any proper denial of coverage would *not* be the proximate cause of injuries arising from the denial; rather, "the failure of the plan itself to cover the requested treatment would be the proximate cause." *Id.* at 213. Indeed, the Court noted that "a managed care entity could not be subject to liability under the THCLA if it denied coverage for any treatment not covered by the health care plan that it was administering." *Id.* Therefore, the Court found that the "interpretation of the terms of respondents' benefit plans forms an essential part of their THCLA claim, and THCLA liability would exist here *only* because of petitioners' administration of ERISA-regulated benefit plans." *Id.* In other words, the petitioners' potential liability derived "entirely from the particular rights and obligations established by the benefit plans." *Id.*

26.     Thus, *Davila* was "concerned with the situation where 'potential liability … derives entirely from the particular rights and obligations established by the benefit plans,' i.e., coverage and benefit determinations." *Lone Star OB/GYN Associates v. Aetna Health*, 579 F. 3d 525, 532 (5th Cir. 2009) (quoting *Davila*, 542 U.S. at 213). Accordingly, it is held that State law claims that implicate the rate of payment provided in a contract between a provider and a plan administrator—as opposed to the right of payment under a benefit plan—are not pre-empted by ERISA. *Id.* at 530-31. This is because "the terms of the plan—in particular, those related to *coverage*—are not at issue in a dispute over whether [a plan administrator] paid the correct rate

for covered services as set out" in a contract with the provider.  The Court noted that "any determination of benefits under the terms of the plan—i.e., what is 'medically necessary' or a 'Covered Service'—*does* fall within ERISA." *Id.* at 531.  Courts have applied the *Davila* test to ERISA § 502(a)(3).  *See Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011).

27.    Cigna admits that its administered self-funded plans and brings these actions on behalf of the plans (Dkt. 1, pp. 5-6).  Essentially then, Cigna seeks to recoup payments made from the plans to the provider, Sky.  Cigna's decision as a plan administer to recover plan funds allegedly wrongfully paid out is a fiduciary decision and requires that Cigna perform that duty *solely* in the interests of the plan's participants and beneficiaries, *not* in its own interest. *Healthcare Service Corp. v. TAP Pharmaceutical Products, Inc.*, 274 F. Sup. 2d 807, 812 (E.D. Tex. 2003).  The "interpretation of the terms of [the] benefit plans forms an essential part" of Cigna's claims.  *Davila,* 542 U.S. at 213.  Although "of the mere reference to or consultation of an ERISA plan" may not bring claims within the scope of § 502 (a), the terms of the plan are actually at issue in this dispute.  *Lonestar,* 572 F. 3d at 531.  Cigna's claims, whether or not, for example, the charges were fraudulent *hinge* on the language of the plans themselves.  *St. Luke Episcopal Hospital v. Acordia Nat'l n. News Kunstsbo,* No. H-05-1438, 2006 WL 3093132, at *11 (S.D. Tex. June 8, 2006).  The Fifth Circuit has so held in *North Cypress*.  Therefore, a legal duty does not exist between Cigna and Sky that is independent of the provisions of the plans. Whether Cigna can or cannot receive the relief that it desires in ERISA is irrelevant.  *Blue Cross & Blue Shield of Rhode Island v. Korsen,* 746 F. Sup. 2d 375, 387 (D.I.R. 2010) ("[B]ecause ERISA provides for equitable relief only, the plaintiff is no longer eligible for compensatory damages for the two pre-empted counts."); *Sarkisyan v. Cigna Healthcare of California, Inc.,* 613 F. Supp. 2d 1199, 1209 (S.D. Cal. 2009) ("[T]he Court is mindful of the possibility that a finding of ERISA pre-emption may ultimately deprive plaintiffs of a meaningful remedy for Cigna's denial of coverage, even if wrongful, because the benefits are no longer necessary in view Natalin's death and because compensatory and punitive damages are not available under ERISA."  This *is* a consequence of the compromise Congress made by enacting ERISA, but it *cannot* preclude a finding of preemption." (*citing Bast v. Prudential Ins. Co. of Am.,* 150 F. 3d 1003, 1009 (9th Cir. 1998)); *Coldesina, D.D.S. v. Estate of Simper*, 407 F. 3d 1126, 1139 (10th Cir. 2005) ("[M]ore important, the availability of a remedy under ERISA is *not* relevant to the

pre-emption analysis. As the Supreme Court recently reiterated, ERISA's remedial scheme evidences Congress's policy choices and intent to provide only the remedies it specified, and this Court is not in a position to second-guess Congress simply because the facts of a particular case might be sympathetic." (*Davila* citing *Cannon v. Group Health Servs. of Okla., Inc.*, 77 F. 3d 127, 1274 (10th Cir. 1996); *Davila* at 208; *Kmatz v. Metro. Life Ins. Co.*, 458 F. Supp. 2d 553, 560 (S.D. Ohio 2005).

***Complete Pre-Emption Also Constitutes Conflict Pre-Emption:***

28.     State claims are subject to "conflict preemption under ERISA § 514, 29 U.S.C. § 1144; *Franks v. Prudential Healthcare Plan, Inc.,* 164 F. Sup. 2nd 865, 873 (W.D. Tex. 2001). The *Franks* court notes that a completely pre-empted claim may also be conflict pre-empted by necessity. State law claims pre-empted under ERISA § 514 for "relating to" an ERISA plan "if it has a connection with a reference to such a plan." *Id.* If a claim "relates to a plan" when the very essence of the claim is premised on the existence of an employee benefit plan. *Id.* (citing *Christopher v. Mobile Oil Corp.,* 950 F. 2d 1209, 1220 (5th Cir. 1992), cert. denied, 506 U.S. 820, (1992). Similarly, claims "relate to" an employee benefit plan and are conflict pre-empted when they affect employee benefit structures or their administration. *Franks,* at 873; *Texas Pharm. Ass'n. v. Prudential Ins. Co. of Am.,* 105 F. 3d, 1035, 1037 (5th Cir. 1997) cert. denied 522 U.S. 820.

## IN THE ALTERNATIVE, CIGNA MAY NOT OBTAIN DECLARATORY JUDGMENT RELIEF

29.     Cigna also seeks declaratory judgment relief (Dkt. 1, p. 17) based upon both Florida and Texas statutes (Dkt. 1, ¶¶ 79, 86, 94, 103) which do not provide for private causes of action and therefore, may *not* support a claim for declaratory judgment relief. One must first have a legal basis to request such extra-ordinary relief which Cigna does not have.

## NO BASIS FOR EXEMPLARY/TREBLE DAMAGES

30.     With the pre-emption of all state law causes, including violations of both Florida and Texas statutory claims (*Id.*.), and in the alternative, the pre-emption of claims based upon violations of statutes which do not provide for private causes, there is no basis for the award of exemplary or compensatory damages. Furthermore, ERISA does *not* provide for such damage

awards and nowhere provides for the award of exemplary damages. ERISA § 502(a); *Sarkisyan v. Cigna Healthcare of California, Inc.* at 1199.

**NO BASIS FOR THE REQUEST FOR ATTORNEYS' FEES**

31.     Cigna also requests attorneys' fees pursuant to its claim for declaratory judgment relief under unspecified state laws. (Dkt. 1, ¶ 73) With the pre-emption of all state law causes and the dismissal of claims for violations of inapplicable State statutes which do not provide for private causes, and since there are no contract claims, there can be no basis for the award of attorneys' fees pursuant to either Florida or Texas law.

**IN THE ALTERNATIVE, CIGNA LACKS STANDING**

***Cigna Lacks Standing to Pursue Its State Law Claims on Behalf of the
Self-Funded Plans Because It Is Not the Real Party-In-Interest:***

32.     Federal courts have limited jurisdiction. They possess "only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Under Article III of the Constitution, federal courts are confined "to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright,* 468 U.S. 737, 750 (1984). In the absence of standing, there is no "case or controversy" between the plaintiff and defendant to serve as the basis for the exercise of judicial power under Article III of the Constitution. *Warth v. Seldin*, 422 U.S. 490, 498–499 (1975). Because the question of standing implicates a court's subject-matter jurisdiction, courts apply the standards to a motion to dismiss under Rule 12(b)(1), FED. R. CIV. P. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

33.     In order to have standing under Article III, a plaintiff must: (a) demonstrate an injury-in-fact, which is concrete, distinct and palpable, actual or imminent, (b) establish a causal connection between the injury and the conduct complained of, and (c) show a substantial likelihood that the requested relief will remedy the alleged injury-in-fact. *McConnell v. Fed'l Election Comm'n*, 540 U.S. 93, 225–226 (2003). The key question for Article III standing is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 204 (1962).

13

34.     In addition to the Article III standing requirements, a plaintiff must also satisfy so-called "prudential" standing requirements. These prudential principles include a requirement that a plaintiff "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499–500. These prudential concerns are codified in Rule 17(a), FED. R. CIV. P., which requires every action to be "prosecuted in the name of the real party-in-interest." FED. R. CIV. P. 17(a); *Bd. of Miss. Levee Comm'rs v. EPA*, 674 F.3d 409, 417 (5th Cir. 2012) ("Among the prudential limitations on the exercise of federal jurisdiction, are . . . in general, the plaintiffs must assert their own legal rights and interests, and cannot rest their claims to relief on the legal rights or interests of third parties. The latter requirement is similar to the requirement of Rule 17 that every action must be prosecuted in the name of the real party in interest."). For purposes of Rule 17(a), "[t]he real party-in-interest is the person holding the substantive right sought to be enforced. . . ." *Wieburg v. GTE Southwest Inc*., 272 F.3d 302, 306 (5th Cir. 2001).

35.     The purpose of Rule 17(a)'s requirement that a real party-in-interest prosecute a suit is "'to assure a defendant that a judgment will be final and that *res judicata* will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right.'" *Wieburg*, 272 F.3d at 306; G*ogolin & Stelter v. Karn's Auto Imports, Inc*., 886 F.2d 100, 102 (5th Cir. 1989). Because a plaintiff who is not the real party-in-interest is *not* the person who should be bringing suit, such a plaintiff fails to state a claim upon which relief can be granted, and dismissal is appropriate under Rule 12(b)(6), FED. R. CIV. P.; *Harold H. Huggins Realty, Inc. v. FNC, Incorporated*, 634 F.3d 787, 795 n.2 (5th Cir. 2011).

36.     As the party invoking jurisdiction, Cigna bears the burden of demonstrating that the constitutional and prudential requirements for standing are satisfied. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Cigna cannot meet its burden.

***Cigna Does Not Have Standing to Bring Its State Law Causes of Action Because
All of the Alleged Damages Were Borne by the Self-Funded Plans, Not By Cigna:***

37.     Cigna alleges that it overpaid claims for services provided by Sky, and thus suffered monetary damage. (Dkt. 1, ¶ 6).  However, Cigna admits that most of those claims were

14

submitted under self-funded health benefit plans.  (*Id.,* ¶ 18).  Under a self-funded plan, it is the plan and the plan-administering employer that incurs the liability and pays the benefit, as defined by the plan's terms, not the TPA, Cigna.  For claims submitted under self-funded plans, Cigna merely processes claims processing, but does not incur the liability or pay the benefit from its own funds.

38.     Because the alleged overpayments made under self-insured plans were made with money belonging to the plans administering employers, Cigna is not the real party-in-interest entitled to pursue the state law claims asserted in its Complaint arising from self-funded plans. *Connecticut Gen'l Life Ins. Co. et al. v. La Peer Surgery Center, LLC et al.*, No. 2:13–cv–03726, 2014 WL 961806 (C.D. Cal. March 12, 2014) (holding that self-funded plan administering employers were "the real parties-in-interest in this case, [which] must be disclosed pursuant to Local Rule 7.1–1"); *In re Lorazepam & Clorazepate Antitrust Litigation*, 631 F.3d 537, 540 (D.C. Cir. 2011) (holding that self-funded plan-administering employers are "the real and substantial parties with respect to the claims asserted on their behalf").  Cigna's State law claims, therefore, must be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.  *Harold H. Huggins Realty, Inc.*, 634 F.3d at 795 n.2.

**Cigna Is Not the Real Party-in-Interest Because Cigna Cannot Bring Tort Claims in Its Own Name for the Damages Allegedly Suffered by the Self-Funded Plans Under State Law Agency Principles:**

39.     Under self-funded plans, the relationship between Cigna and the self-funded plans and the plan-administering employers is that of principal and agent:  as the TPA, Cigna processes the payment of claims on behalf of the employers pursuant to the terms of a "Administrative Services Only" agreement. As a result of the principal-agent relationship between the plan-administering employers and Cigna, Cigna's standing to sue Sky in its individual capacity *must* be determined by reference to agency law. *Wieburg,* 272 F.3d 202 (recognizing that the real party-in-interest is the person holding the substantive right sought to be enforced).

40.     Under agency law, an agent cannot bring an action in its own name for a tort by a third party against the principal unless the third party's actions (such as assaulting or defaming the agent) were intended "'for the purpose of harming the agent's interests.'" *Moorer v. Hartz Seed Co*., 120 F. Supp. 2d 1283, 1289 (M.D. Ala. 2000) (quoting *Restatement (Second) of*

*Agency* § 374(2) (1957)); *see also, e.g., Linsey v. E.F. Hutton & Co*., 675 F. Supp. 1, 5 (D.D.C. 1987) (holding that a bishop lacked standing to assert, among other things, a claim for violations of securities law, because the bishop acted only as the agent of a church and an agent does not obtain a cause of action merely because his principal was harmed). *Moorer* clearly illustrates this principle of agency law. In that case, a seed company that was operated as a sole proprietorship and the company's manager sued soybean sellers for, among other things, fraudulent misrepresentation, after the soybeans purchased by the seed company failed to germinate properly. Granting in part defendants' motion for summary judgment, the court ordered the dismissal of the manager from the suit as an improper party since the manager acted solely as the seed company's agent. (*Id.*)   According to the court, the seed company was the real party-in-interest and any harm done to the manager was a consequence of his employment with the seed company and was not independently cognizable. (*Id.*) The same holds true in the present case: all of the alleged misrepresentations that Sky made to Cigna were made to Cigna in its capacity as an agent for the self-funded plans and it has suffered no injury independent from the injury the self-funded plans might have suffered. As the *Moorer* court recognized:

> If [a] false representation is made to A to induce him to part with his money, and he does so, A must sue; but, if made to him to induce B to part with his, and B is induced thereby to do so, he, and not A, is the party injured, who may maintain the action.

*Id.* at 1290 (quoting *Steiner v. Clisby,* 103 Ala. 181, 15 So. 612, 615 (1894)). Here, the allegedly false representations caused the self-insured plans, not Cigna, "to part with [their] money." Therefore, it is those self-insured plans, not Cigna, that is the real party-in-interest, and Cigna does *not* have standing to sue on those claims.

### The Self-Funded Plans and Their Administering Employers Are Persons Who Must Be Joined to Cigna's Claims:

41.     Rule 19(a)(1), FED. R. CIV. P. provides that a person must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the

interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a). Subsections (A) and (B) of Rule 19(a)(1) are disjunctive—if the requirements of either subsection are met, then the absent party must be joined.

42.    In sum, Rule 19(a)(1) strives for the joinder of all interested parties in order to protect those parties' rights and to avoid wasting judicial resources by completely resolving the "dispute at issue" in a single lawsuit. *HS Resources, Inc. v. Wingate,* 327 F. 3d 432, 438 (5th Cir. 2003). It is declared that "formalistic labels" regarding who are or who are not interested parties do not control; instead, courts must conduct "an examination of the practical factors of individual case[s]." *Smith v. State Farm Fire & Casualty Co.,* 633 F.2d 401, 405 (5th Cir. 1980).

43.    While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder, Cigna" *Pulitzer-Polster v. Pulitzer,* 784 F.2d 1305, 1309 (5th Cir. 2006). If the court finds the absent party to be necessary and has not been joined, a court must dismiss the action under Rule 12(b)(7), FED. R. CIV. P. or order that the absentee be made a party under Rule 19(a)(2).

### *The Self-Funded Plans Are Necessary Parties Under Rule 19(a)(1):*

44.    For claims relating to self-funded plans, any alleged overpayments to Sky would have been made with money ultimately belonging to the plans and their administering employers, not Cigna. Cigna's claims do not extinguish any right and remedy a self-funded plan or its administering employer might have to recover alleged overpayments made to Sky with their money. The absence of the self-funded plans and their administering employers, therefore, creates a substantial risk of future liability, litigation, and vexation between Sky and them— including a substantial risk that Sky could incur double, multiple, or otherwise inconsistent obligations. It also leaves the self-funded plans and their administering employers unable to protect their interests by participating in any recovery obtained by Cigna. As a result, the self-funded plans and their administering employers are necessary parties to this suit under Rule 19(a)(1)(B), FED. R. CIV. P.

45.     In addition, the self-funded plans and their plan-administering employers are necessary parties to this suit under Rule 19(a)(1)(A) because complete relief cannot be accorded in their absence. *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 819-821 (9th Cir. 1985) (concluding that self-funded plan-administering employer was a necessary and indispensable party to benefits suit). The plan-administering employers bear ultimate responsibility for the payment of benefits under their self-funded plans, and, consequently, any recovery of alleged overpayments made to Sky arising out of those plans would belong "in good conscience" to them, not Cigna.  Accordingly, this Court cannot accord the relief Cigna seeks in the absence of the self-funded plans and their administering employers.

46.     Courts have routinely recognized that real parties-in-interest under Rule 17 are also necessary (and indispensable) parties under Rule 19(a)(1). For example, in *Kickapoo Tribe of Oklahoma v. Lujan*, 728 F. Supp. 791 (D.D.C. 1990), the court faced the prospect of adjudicating rights held by an absent tribe that could not be joined in a suit brought by a related tribe against the Bureau of Indian Affairs. As the absent tribe was a real party-in-interest to claims, the court held, "[t]he fact of the matter is that in this case the real party at issue is missing. Without that party present to represent its interests, the Court could not in good conscience fashion a remedy without affecting the rights of the [party]." *Id*. at 797. Likewise, in *Soberary Machine & Equipment Co. v. MRF Ltd.*, 181 F.3d 759 (6th Cir. 1999), the court reaffirmed the proposition that a real party-in-interest under Rule 17 to a claim is ordinarily a necessary (and indispensable) party under Rule 19. *Id*. at 769 ("IPEC is the real party in interest here, and the parties were prejudiced by IPEC's absence."). As demonstrated above, the self-funded plans and their plan-administering employers, not Cigna, are clearly the real parties-in-interest under Rule 17, who should have brought the claim asserted in Cigna's Complaint arising from self-funded plans. It follows naturally that they are also necessary parties under Rule 19.

47.     Because the self-funded plans and their plan-administering employers are clearly necessary parties under Rule 19, the claims Cigna asserts arising from self-funded plans should be dismissed pursuant to Rule 12(b)(7).

**ALTERNATIVE REQUEST PURSUANT TO RULE 9(b), FED. R. CIV. P.**

48.     In the alternative and in the unlikely event this Motion is not granted, Sky moves

for a more definite statement with regard to Cigna's fraud causes of action.  Rule 9(b), Fᴇᴅ. R. Cɪᴠ. P. states that "[i]n alleging fraud or a mistake, party must state with particularity the circumstances constituting fraud or mistake."  This, Cigna has failed to do.  Cigna must specifically identify the individuals involved in the alleged fraudulent acts, the dates of the acts, the locations of the acts, how they occurred and what was done.

<u>CONCLUSION</u>

49.     Based upon the foregoing, all of Cigna's claims, with the exception of the claims for equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), must be dismissed. Further, Cigna has no standing to bring claims for monetary relief on behalf of plan sponsors for self-funded plans.

**WHEREFORE,** the Defendants respectfully request that this Court enter an Order dismissing the Complaint and for such other and further relief, both general and special, legal and equitable, to which they may show themselves justly entitled.

Dated: August 10, 2015

Respectfully submitted,

By:     *J. Douglas Sutter*

J. Douglas Sutter
*Motion for Admission Pro Hac Vice Pending*
Federal Bar No. 3791
Texas Bar No. 19525500
Dsutter@ksklawyers.com
Kelly, Sutter & Kendrick, P.C.
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056
Telephone: (713) 595-6000
Facsimile:  (713) 595-6001
**Counsel for Defendants**

By:     *Erin M. Ferber*

Erin M. Ferber, Esq.
Florida Bar No. 68216
Erin@NicholsonEastin.com
Nicholson & Eastin, LLP
707 NE 3ʳᵈ Ave., Suite 301
Fort Lauderdale, Florida 33304

19

Telephone: (954) 634-4400
Facsimile: (954) 634-4418
**Local Counsel Only**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via electronic mail and the Court's ECF filing system on all counsel or parties of record.

*Erin M. Ferber*
Erin M. Ferber

20