**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CONNECTICUT GENERAL LIFE**
**INSURANCE COMPANY AND CIGNA**
**HEALTH AND LIFE INSURANCE**
**COMPANY,**                                            Case No. 9:15-cv-80994-WJZ

      **Plaintiffs,**                                     JURY DEMAND

**VS.**

**SKY TOXICOLOGY, LTD., SKY**
**TOXICOLOGY LAB MANAGEMENT,**
**LLC, FRONTIER TOXICOLOGY, LTD.,**
**AND HILL COUNTRY TOXICOLOGY,**
**LTD.,**

      **Defendants.**
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**
**PURSUANT TO RULES 12(B)(1) AND 12(B)(6)**

Ardith Bronson
Florida Bar No. 423025
ardith.bronson@dlapiper.com
Michael G. Austin
Florida Bar No. 457205
michael.austin@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Tel: 305.423.8562
Fax: 305.675.6366

COUNSEL FOR PLAINTIFFS
CONNECTICUT GENERAL LIFE
INSURANCE COMPANY and CIGNA
HEALTH AND LIFE INSURANCE COMPANY

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................................. 2

III.    ARGUMENTS AND AUTHORITIES .................................................................. 4

    A.      Standard of Review ..................................................................................... 4

    B.      Sky Labs Has Not Challenged Cigna's ERISA claims ............................... 5

    C.      Cigna Has Standing To Pursue Its State Law Claims ................................. 6

    D.      ERISA Does Not Preempt Cigna's State Law Claims ................................ 9

        1.      ERISA Cannot Preempt Claims Related to Non-ERISA Plans ................ 9

        2.      ERISA Does Not Preempt Any of Cigna's State Law Claims ............... 10

            a.      Cigna's State Law Claims Are Not Completely Preempted ....... 10

            b.      Cigna's State Law Claims Are Not Conflict Preempted ............. 13

    E.      Cigna May Seek Declaratory Relief. ........................................................ 16

    F.      The Complaint Pleads Fraud With Particularity. ...................................... 16

    G.      Cigna May Seek Relief Based on Sky Labs' Alleged Violation of Florida Statutes ...................................................................................................... 20

IV.     CONCLUSION .................................................................................................... 20

EAST\103369311.12

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aetna Health Inc. v. Davila*,
   542 U.S. 200 (2004)............................................................................10

*Aetna Health Inc. v. Health Goals Chiropractic Ctr., Inc.*,
   No. 10–5216–NLH–JS, 2011 WL 1343047 (D.N.J. Apr. 7, 2011) ...................................8, 15

*Aetna Health Inc. v. Srinivasan*,
   No. CIV. 10-4858 FSH, 2010 WL 5392697 (D.N.J. Dec. 22, 2010) ......................................15

*Aetna Life Ins. Co. v. Huntington Valley Surgery Cntr.*,
   No. 2:13-cv-3101-WY, 2012 WL 4116963 (E.D. Pa. Aug. 19, 2014) ....................................8

*Aetna Life Ins. Co. v. Warren Med. Imaging, LLC*,
   No. 4:13-cv-00102, 2013 WL 3833507 (E.D. Tex. Jul. 22, 2013).................................18, 20

*Aiu Ins. Co. v. Olmecs Med. Supply, Inc.*,
   2005 WL 3710370 (E.D.N.Y. Feb. 22, 2005).........................................................20

*Allstate Ins. v. Vizcay*,
   No. 8:11-cv-00804-EAK-EAJ, 2011 WL 5870016 (M.D. Fla. Nov. 22, 2011) .....................17

*Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc.*,
   No. 13–CV– 3422–WJM–CBS, 2015 WL 1041515 (D. Colo. Mar. 6, 2015) ...............6, 8, 14

*Ass'n of N.J. Chiropractors v. Aetna, Inc.*,
   No. CIV.A. 09-3761 JAP, 2012 WL 1638166 (D.N.J. May 8, 2012) .............................15, 11

*AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*,
   608 F. Supp. 2d 1349 (S.D. Fla. 2009) ....................................................................4

*Bennett v. Liberty Mut. Fire Ins. Co.*,
   No. 01-13634 (09), 2001 WL 36174972 .................................................................21

*Blue Cross & Blue Shield of R.I. v. Korsen*,
   746 F. Supp. 2d 375 (D.R.I. 2010).....................................................................15, 16

*Coldesina v. Estate of Simper*,
   407 F.3d 1126 (10th Cir. 2005) ........................................................................15, 16

*Conn. Gen. Life Ins. Co. v. Advanced Chiropractic Healthcare*,
   54 F. Supp. 3d 260 (E.D.N.Y. 2014) ........................................................................14

EAST\103369311.12

*Conn. Gen. Life Ins. Co. v. La Peer Surgery Ctr. LLC*,
No. 2:13-cv-03726 (C.D. Cal. Aug. 12, 2014) ........................................................9

*Conn. Gen. Life Ins. Co. v. Texas Spine & Joint Hosp., Ltd.*, No. 6:14-cv-00765 (E.D.
Tex. Jul. 9, 2015) ...........................................................................................18

*Conn. Gen. Life Ins. Co. v. True View Surgery Ctr. One, LP*,
No. 3:14-cv-1859 (AVC) (D. Conn. Aug. 31, 2015)....................................6, 8, 14

*Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*,
591 F.3d 1337 (11th Cir. 2009) ....................................................................10

*Ctr. for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of La.*,
No. 11-806, 2014 WL 4930443 (E.D. La. Sept. 30, 2014)................................18, 20

*DiMaio v. Democratic Nat. Comm.*,
520 F.3d 1299 (11th Cir. 2008) ......................................................................6

*Dist. Council 16 N. Cal. Health & Welfare Trust Fund v. Sutter Health*,
No. 15-CV-00735-TEH, 2015 WL 2398543 (N.D. Cal. May 19, 2015).................14

*Forbus v. Sears Roebuck & Co.*,
30 F.3d 1402 (11th Cir. 1994) .......................................................................11

*Fustok v. UnitedHealth Grp., Inc.*,
No. 12-CV-787, 2013 WL 2189874 (S.D. Tex. May 20, 2013).................17, 18, 20

*Health Care Serv. Corp. v. TAP Pharm. Prods., Inc.*,
274 F. Supp. 2d 807 (E.D. Tex. 2003)..............................................................15

*Horizon Blue Cross Blue Shield of N.J. v. E. Brunswick Surgery Ctr.*,
623 F. Supp. 2d 568 (D.N.J. 2009) .................................................................15

*In re Lorazepam & Clorazepate Antitrust Litig.*,
631 F.3d 537 (D.C. Cir. 2011) .........................................................................8

*In re Waterfront License Corp.*,
231 F.R.D. 693 (S.D. Fla. 2005)......................................................................7

*Jones v. LMR Intern., Inc.*,
457 F.3d 1174 (11th Cir. 2006) ....................................................................10

*Mackey v. Lanier Collection Agency & Serv., Inc.*,
486 U.S. 825 (1988).....................................................................................13

*Mass. Mut. Life Ins. Co. v. Marinari*,
No. CIV.A. 07-2473 (FLW), 2009 WL 5171862 (D.N.J. Dec. 29, 2009).............15

EAST\103369311.12

*McElmurray v. Consol. Gov't of Augusta—Richmond Cnty.*, 501 F.3d 1244 (11th Cir. 2007) ................................................................................................................................4

*Microsoft Corp. v. Cietdirect.com LLC*,
No. 08-60668-CIV, 2008 WL 3162535 (S.D. Fla. Aug. 5, 2008) .............................................9

*N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*,
781 F.3d 182 (5th Cir. 2015) ...........................................................................................15, 16

*Nutrishare, Inc. v. Conn. Gen. Life Ins. Co.*,
No. 2:13–cv–02378–JAM–AC, 2014 WL 1028351 (E.D. Cal. Mar. 13, 2014)................8, 15

*Perlman v. Wells Fargo Bank, N.A.*,
830 F. Supp. 2d 1308 (S.D. Fla. 2011) ................................................................................4, 5

*Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cnty.*,
450 F.3d 1295 (11th Cir. 2006) ................................................................................................6

*Prince v. Cash Money Records, Inc.*,
No. 14-CV-23057, 2015 WL 2170448 (S.D. Fla. May 8, 2015) ..............................................9

*Shaw v. Delta Air Lines, Inc.*,
463 U.S. 85 (1983).................................................................................................................13

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*,
524 F.3d 1229 (11th Cir. 2008) ...............................................................................................4

*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*,
No. 04CV5045(ILG), 2008 WL 4146190 (E.D.N.Y. Sept. 5, 2008)......................................20

*State Farm Mut. Auto. Ins. Co. v. Kugler*,
No. 11-80051, 2011 WL 4389915 (S.D. Fla. Sept. 21, 2011) ...............................................20

*State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, LLC*,
9 F. Supp. 3d 1303, 1313 (M.D. Fla. 2014)....................................................................17, 20

*Takeda v. Nw. Nat'l Life Ins. Co.*,
765 F.2d 815 (9th Cir. 1985) ...................................................................................................8

*Tom v. Haw. Dental Serv.*,
606 F. Supp. 584 (D. Haw. 1985) ..........................................................................................17

*U.S. ex rel. Grubbs v. Kanneganti, et al.*,
565 F.3d 180 (5th Cir. 2009) .................................................................................................17

*United Healthcare Servs., Inc. v. Sanctuary Surgical Ctr., Inc.*,
5 F. Supp. 3d 1350, 1356 (S.D. Fla. 2014) ................................................................... passim

EAST\103369311.12

*UNUM Life Ins. Co. of Am. v. Long*,
  227 F. Supp. 2d 609 (N.D. Tex. 2002) ...........................................................................15, 16

*Ziemba v. Cascade Int'l, Inc.*,
  256 F.3d 1194 (11th Cir. 2001) ...................................................................................5

**STATUTES**

29 U.S.C. § 1132(a)(3) ...................................................................................................11

29 U.S.C. § 1144 ..........................................................................................................10

Fla. Stat. Ann. § 817.234(7) ......................................................................................3, 17

Tex. Ins. Code § 1204.055(b) .....................................................................................17

**OTHER AUTHORITIES**

Fed. R. Civ. P. Rule 9(b) ........................................................................................4, 5, 18

Fed. R. Civ. P. Rule 12(b)(1) ...................................................................................4, 6

Fed. R. Civ. P. Rule 12(b)(6) ...................................................................................4, 6

Fed. R. Civ. P. Rule 12(b)(7) ...................................................................................4, 6

EAST\103369311.12

Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna") file this Response to Defendants Sky Toxicology, Ltd., Sky Toxicology Lab Management, LLC, Frontier Toxicology, Ltd., and Hill Country Toxicology, Ltd.'s (collectively, "Sky Labs" or "Defendants") Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [Dkt. No. 11] ("Motion"), and respectfully show the Court:

## I.      <u>INTRODUCTION</u>

Cigna's Complaint describes at length the widespread fee-forgiving and fraudulent scheme that Sky Labs engaged in over a period of several years in order to wrongfully induce Cigna into paying Sky Labs millions of dollars. It is beyond question that Sky Labs' conduct increased the cost of care, dissipated the assets of Cigna and health and welfare benefits plans, harmed the integrity of Cigna's two-tiered in-network and out-of-network provider system, and caused Cigna to expend its own money as a result of Sky Labs' misrepresentations.  As discussed below, it is also beyond dispute that the alleged conduct constitutes fraud and is unlawful under both state and federal law.

In light of the foregoing, it is telling that Sky Labs never once denies that it engaged in the conduct described in the Complaint.  Instead, relying on cases that are irrelevant and factually inapplicable to the issues before this Court, Sky Labs has moved to dismiss Cigna's claims arguing that: (1) Cigna lacks standing to pursue some state law claims against Sky Labs; (2) Cigna's common law claims and the claims asserted under the Florida Unfair and Deceptive Trade Practices Act ("FUDTPA") are preempted by ERISA; (3) Cigna cannot seek declaratory relief; and (4) Cigna's Complaint fails to plead fraud with particularity.

However, Sky Labs not only ignores the extensive factual allegations in the Complaint, Sky Labs also fails to address the host of cases in which courts, including this Court, rejected the very arguments Sky Labs advances in its Motion. Numerous courts repeatedly found that

insurers have standing to maintain ERISA *and* state law claims against out-of-network providers who engaged in the type of fraudulent and deceptive practices described in the Complaint. Those courts also found that ERISA does not preempt the insurers' state law claims and that insurers stated claims for fraud based upon allegations less well-defined than those contained in this case.

As discussed below, the same result should be reached in this case. The allegations in the Complaint demonstrate that Cigna suffered a concrete injury as a result of Sky Labs' conduct. Consequently, Cigna has standing to pursue the claims asserted in this case. Furthermore, ERISA does not preempt Cigna's state law claims, and the Complaint describes Sky Labs conduct with far more detail than is required under Rule 9(b). Therefore, Sky Labs' Motion should be denied in its entirety.

## II.  <u>FACTUAL BACKGROUND</u>

Defendants are comprised of a group of related toxicology laboratories and management companies that specialize in testing human urine samples for, among other things, narcotics, medications, and other substances. Compl., ¶ 35. The Defendants do not have provider agreements with Cigna. *Id.*, ¶ 36. Therefore, Cigna—the claims administrator of the employee health and welfare benefit plans at issue here—processed all claims submitted by Sky Labs on an out-of-network basis. *Id.*, ¶¶ 23, 32-36.

During a 2015 audit of Sky Labs' practices, Cigna discovered that Sky Labs was employing a multifaceted scheme to take advantage of Cigna and its members. *Id.*, ¶ 34. To increase its profits as an out-of-network provider, Sky Labs engaged in fee-forgiving. *Id.*, ¶ 36. Specifically, Sky Labs misled patients regarding their financial responsibility for Sky Labs' charges in order to induce patients to use Sky Labs' facilities, often failing to hold the patients responsible for any portion of the fees charged by Sky Labs. After reducing or waiving the

2

patients' responsibility for its charges, Sky Labs submitted bills to Cigna that reflected inflated and fraudulent charges.  *Id.* at ¶ 38.  Relying on Sky Labs' false representations that the charges submitted to Cigna reflected the actual charges for Sky Labs' services, Cigna paid well over $20 million to Sky Labs.[1]  *Id.*, ¶ 51.

In addition, Sky Labs also was engaged in an unlawful patient-referral kickback scheme. Cigna is informed and believes that Sky Labs induces physicians and treatment centers to refer their patients' specimens (including those of Cigna plan members) to its out-of-network facilities by offering ownership interests in one or more of its laboratories.  *Id.* at ¶ 40.  These investments are directly tied to referrals and can be "redeemed" by Sky Labs if the physicians or treatment centers do not meet a required number of specimen referrals for testing per month. *Id.* at ¶ 41. Consequently, this scheme incentivized physicians and treatment centers to refer patients' specimens to Sky Labs' out-of-network facilities for testing that could otherwise have been performed at in-network facilities for a fraction of the cost.  *Id.* at ¶ 42.  Moreover, because the investors are awarded "dividends" based on the revenue generated by their referrals, Sky Labs' conduct also encourages physicians and treatment centers to order tests regardless of whether such tests are medically necessary, inflating the charges that Sky Labs submits to Cigna.  *Id.*

Sky Labs' business practices harmed Cigna and have artificially inflated the cost of healthcare for Cigna plan members, in addition to Florida residents and employers, while netting Sky Labs approximately $20 million in overpayments from Cigna.  *Id.* at ¶ 51.  Upon discovering and investigating Sky Labs' business practices, Cigna filed a seven-count complaint [Dkt. No. 1] against Sky Labs asserting claims for declaratory relief, fraud, negligent misrepresentation, money had and received, unjust enrichment, tortious interference with

---

[1] The State of Florida has declared this type of fee-forgiving scheme illegal and has enacted a statute criminalizing this conduct.  *See* Fla. Stat. Ann. § 817.234(7).

contract, violations of the FUDTPA, and overpayments under ERISA § 502(a)(3). *Id.*, ¶¶ 63–135.   On August 10, 2015, Sky Labs moved to dismiss Cigna's claims under Rules 9(b), 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure [Dkt. 11] or, alternatively, to transfer this case to the Western District of Texas [Dkt. 12].

## III.   ARGUMENTS AND AUTHORITIES

### A.   Standard of Review

Sky Labs moves to dismiss Cigna's claims under Rules 9(b), 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. Rule 12(b)(1) governs challenges to a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A party may attack subject matter jurisdiction either facially or factually. *See McElmurray v. Consol. Gov't of Augusta—Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack requires the court merely to look and see if the plaintiff, taking his allegations as true, has sufficiently alleged a basis of subject matter jurisdiction. A factual attack challenges the factual existence of subject matter jurisdiction, and the court may consider matters outside the pleadings. *Id.*; *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008).

A complaint will survive a Rule 12(b)(6) motion if it "contain[s] factual allegations that 'raise a reasonable expectation that discovery will reveal real evidence' in support of the claim and that plausibly suggest relief is appropriate." *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The complaint is construed "in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true." *Perlman v. Wells Fargo Bank, N.A.*, 830 F. Supp. 2d 1308, 1317 (S.D. Fla. 2011). "The threshold is 'exceedingly low' for a complaint to survive a motion for failure to state a claim upon which relief can be granted." *Id.* (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th

Cir. 1985)).

Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Id.*

**B.    Sky Labs Has Not Challenged Cigna's ERISA claims.**

As a preliminary matter, Sky Labs' Motion does not challenge Cigna's ERISA claims. Although Sky Labs argues generally that "Cigna has no standing to bring claims for *monetary relief* on behalf of plan sponsors for self-funded plans," it does not challenge Cigna's ERISA claims, which are necessarily claims for *equitable relief.* Mot., ¶ 49 (emphasis added); Compl., ¶¶ 127-35.   In fact, Sky Labs' Motion specifically excludes Cigna's ERISA claims from its requested relief. Sky Labs asks the Court to dismiss all claims "*except for those claims pertaining to ERISA § 502(a)(3).*" Mot., ¶ 1 (emphasis added); *id.* ¶ 49 ("all of Cigna's claims, *with the exception of the claims for equitable relief pursuant to ERISA § 502(a)(3), 29 U.S.C. 1132(a)(3)*, must be dismissed") (emphasis added)). Cigna's claims under ERISA stand unchallenged.[2]

---

[2] To avoid any doubt, numerous courts have found that insurers administering fully insured and self-funded plans had standing to sue under ERISA on facts strikingly similar to those in the Complaint. *See, e.g., Conn. Gen. Life Ins. Co. v. True View Surgery Ctr. One, LP*, No. 3:14-cv-1859 (AVC), at *11-13 (D. Conn. Aug. 31, 2015, Exhibit 1); *Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc.*, No. 13–CV– 3422–WJM–CBS, 2015 WL 1041515, at *4 (D. Colo. Mar. 6, 2015). It is clear Cigna has standing to maintain both its ERISA and state law claims.

C.    <u>**Cigna Has Standing To Pursue Its State Law Claims.**</u>

Sky Labs moves to dismiss a portion of Cigna's state law claims under Rules 12(b)(1), (b)(6), and (b)(7) based on the argument that Cigna lacks Article III standing to maintain those claims.[3] *See* Mot., ¶¶ 32-47, 49.  Sky Labs argues that because a portion of the funds Sky Labs received were distributed from self-funded plans, Cigna has not suffered an injury in fact with respect to claims paid under those plans.  Sky Labs also argues that the self-funded plans are necessary parties to this action.  *See* Mot., ¶¶ 32-47.  Simply put, Sky Labs' arguments fall short.

Under Article III of the United States Constitution, federal courts have subject matter jurisdiction only where there is an actual case and controversy.  Under this standard, a plaintiff has Article III standing when there is (1) an actual or threatened injury, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable ruling. *See Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward Cnty.*, 450 F.3d 1295, 1304 (11th Cir. 2006).  While the party invoking federal jurisdiction bears the burden of proving the essential elements of standing, the bar for establishing standing is not high.  At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice. *DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  As courts in this Circuit have repeatedly acknowledged, "it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." *In re Waterfront License Corp.*, 231 F.R.D. 693, 697 (S.D. Fla. 2005).

Cigna's allegations are more than sufficient to establish standing at this stage in the case.  The Complaint alleges that Cigna exercises discretionary authority in the administration of claims, and has contractual obligations to recover funds mistakenly paid to, or fraudulently

---

[3] Sky Labs has not challenged Cigna's standing to bring claims relative to fully-insured plans.

obtained by, health care providers.  *See* Compl., ¶¶ 23, 32-33.  Cigna also alleges that the ASO agreements it entered into with self-funded plans "require it to recover overpayments made on the plans' behalf." *Id.*, ¶ 33.  Further, the ASO agreements contractually obligate Cigna to administer and pay claims appropriately, and Cigna may be subject to liability to the plans that have contracted with Cigna in the event that claims are not paid appropriately.  These allegations demonstrate Cigna has a contractual obligation to properly administer claims, and to recover amounts that were paid to providers as result of the providers' unlawful and fraudulent conduct, which is sufficient to demonstrate a concrete injury in fact.

In addition, Cigna is the party that suffered the most direct harm as a result of Sky Labs' conduct.  Sky Labs directed its misrepresentations to Cigna.  Moreover, it was Cigna that relied on Sky Labs' misrepresentations by processing claims and paying millions of dollars to Sky Labs.  In fact, Sky Labs goes to great lengths in the Motion to demonstrate that it interacted directly with Cigna with respect to billing and payment matters, and not the plan members.

It also cannot be disputed that Cigna expended its own time and resources investigating Sky Labs' billing practices. *Id.*, ¶¶ 34, 46. And again, Cigna paid Sky Labs over $20 million as a result of Sky Labs' misconduct, a portion of which was paid directly out of Cigna's own funds. *Id.*, ¶¶ 13, 24, 28.  These allegations show that Cigna was personally aggrieved by the wrongful conduct described in the Complaint.

Importantly, courts have required far less to conclude that an insurer can bring state law claims against providers who engage in fee-forgiving and other fraud with regard to claims submitted to self-funded plans. *See, e.g.*, *Aetna Health Inc. v. Health Goals Chiropractic Ctr., Inc.*, No. 10–5216–NLH–JS, 2011 WL 1343047, at *5 (D.N.J. Apr. 7, 2011).  Addressing a similar scenario, the court in *Aetna Life Ins. Co. v. Huntington Valley Surgery Center* held that

that an insurer had standing to pursue state law claims to recover amounts paid under self-funded plans because it was the insurers, not the plan beneficiaries, that were the victims of defendants' misdeeds, and the insurers, as the recipient of the alleged fraud, were the parties damaged and entitled to seek  redress.  *See, e.g.*, *Aetna Life Ins. Co. v. Huntington Valley Surgery Cntr.*, No. 2:13-cv-3101-WY, 2012 WL 4116963, at *4 (E.D. Pa. Aug. 19, 2014) (finding general allegation that insurer was harmed as a result of provider's fraudulent claims to self-funded plans sufficient to withstand dismissal).  In fact, courts have held that Cigna has standing to maintain non-ERISA claims relative to self-funded plans based upon allegations virtually identical to those in the Complaint. *See, e.g.*, *True View Surgery Ctr. One, LP*, No. 3:14-cv-1859 (AVC), at *11-13 (Exhibit 1); *Arapahoe Surgery Ctr., LLC*, 2015 WL 1041515, at *4 (same); *Nutrishare, Inc. v. Conn. Gen. Life Ins. Co.*, No. 2:13–cv–02378–JAM–AC, 2014 WL 1028351, at *2-3 (E.D. Cal. Mar. 13, 2014).  The same result should be reached in this case.

Sky Labs fails to cite, much less address, any of the foregoing cases.  Instead, Sky Labs points to a number of cases, including a case applying Alabama agency law, in an attempt to substantiate its argument that Cigna lacks standing to maintain its state law claims. However, none of those cases support the proposition they are cited for.  Two of the cases cited by Sky Labs considered whether plans were necessary parties for diversity jurisdiction analysis, which is not at issue in this case.  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985); *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537 (D.C. Cir. 2011).  In the third case, *Connecticut Life Insurance Company v. La Peer Surgery Center*, the court did initially hold that Cigna lacked Article III standing to sue under ERISA.  However, in a subsequent order that Sky Labs fails to cite, the court concluded that Cigna had Article III standing.  *See Conn. Gen. Life Ins. Co. v. La Peer Surgery Ctr. LLC*, No. 2:13-cv-03726 (C.D. Cal. Aug. 12, 2014, Exhibit 2).

8

Thus, even the cases Sky Labs attempts to rely upon support the conclusion Cigna has standing to maintain all of the claims asserted in the Complaint—a conclusion the other courts have reached on several occasions.[4]

**D.**      **ERISA Does Not Preempt Cigna's State Law Claims.**

In addition to challenging Cigna's standing to maintain the claims asserted in this case, Sky Labs argues that Cigna's state law claims are preempted by ERISA's complete and conflict preemption doctrines.  Once again, Sky Labs' arguments ignore the allegations in the Complaint and fail to even mention decisions from this Court, and a host of other courts, that rejected the very arguments presented in Sky Labs' Motion.  Like the claims analyzed in those cases, Cigna's state law claims are not preempted.[5]

**1.**      **ERISA Cannot Preempt Claims Related to Non-ERISA Plans.**

At the outset, the Complaint expressly alleges that a small proportion of Cigna's causes of action relate to claims that arise under plans not subject to ERISA.  It is beyond dispute that state law causes of action relating to non-ERISA plans cannot be preempted by ERISA.  *See* 29 U.S.C. § 1144 (conflict preemption applies only to state laws that "relate to" an ERISA plan"); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (conflict preemption applies only to

---

[4] Sky Labs also has failed to carry its heavy burden to demonstrate that the plans are indispensable parties. "It is the burden of the movant to show the person to be joined is necessary or indispensable." *Prince v. Cash Money Records, Inc.*, No. 14-CV-23057, 2015 WL 2170448, at *3 (S.D. Fla. May 8, 2015). A "12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action.'" *Microsoft Corp. v. Cietdirect.com LLC*, No. 08-60668-CIV, 2008 WL 3162535, at *5 (S.D. Fla. Aug. 5, 2008*). For the reasons above, Sky Labs cannot demonstrate that the plans are indispensable to this action, especially in light of Sky Labs' particularly heavy burden. *See id.* ("courts are loathe to grant motions to dismiss of this type").  Furthermore, even if Sky Labs could show that the plans were necessary parties to this suit, which it cannot, dismissal would still be inappropriate because Sky Labs cannot show any incurable defect would arise if the plans were necessary parties, which Cigna denies. *See id.*

[5] Sky Labs summarily asserts that Cigna cannot recover exemplary or treble damages because ERISA preempts all or some of Cigna's state law claims. *See* Mot., ¶¶ 30-31. As Sky Labs' preemption arguments are without merit, these arguments also fail.

claims that could have been brought under ERISA).  Thus, Sky Labs' preemption arguments do not apply to claims asserted under non-ERISA plans.

### 2.      ERISA Does Not Preempt Any of Cigna's State Law Claims.

#### a.      Cigna's State Law Claims Are Not Completely Preempted.

In the first instance, Sky Labs argues that Cigna's claims are completely preempted. However, complete preemption is generally not a defense to claims that are otherwise properly maintained in federal court.  Complete preemption is a jurisdictional concept that allows a federal court to exercise jurisdiction over state law claims for purposes of removal. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc*., 591 F.3d 1337, 1344 (11th Cir. 2009); *Jones v. LMR Intern., Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006).  Complete preemption is irrelevant for jurisdictional purposes here because the Court has original jurisdictional over Cigna's ERISA claims, and supplemental jurisdiction over Cigna's state law claims.  *See Jones*, 457 F.3d at 1179. Nevertheless, even if the Court were to analyze Cigna's claims under complete preemption, it is clear that doctrine does not bar Cigna's clams.

The Eleventh Circuit has held that complete preemption exists under ERISA only where (1) the plaintiff "could have brought its claim under ERISA § 502(a)" *and* (2) "no other legal duty supports the plaintiff's claim." *Conn. State Dental Ass'n*, 591 F.3d at 1344 (citing *Davila*, 542 U.S. at 210); *United Healthcare Servs., Inc. v. Sanctuary Surgical Ctr., Inc.*, 5 F. Supp. 3d 1350, 1356 (S.D. Fla. 2014).  Neither element is satisfied with regard to Cigna's state law claims.

#### (1)      Cigna's state law claims could not be brought under ERISA.

 Under ERISA § 502(a)(3), a "fiduciary" may bring a civil action: "(A) to enjoin any act or practice which *violates any provision of this subchapter or the terms of the plan*, or (B) to obtain other appropriate equitable relief (i) to *redress such violations* or (ii) to *enforce any provisions of this subchapter or the terms of the plan*." 29 U.S.C. § 1132(a)(3) (emphasis added).

10

While it is not disputed that Cigna acts as a fiduciary for purposes of its equitable claim for recoupment under ERISA, Cigna does not bring its state law claims against Sky Labs as an ERISA fiduciary. Cigna maintains its state law claims as an insurer that has been directly harmed by Sky Labs' fraudulent, tortious, and otherwise unlawful conduct. In nearly identical circumstances, courts have held that an insurance company is not acting as a "fiduciary" for purposes of ERISA § 502(a)(3) when bringing state law claims against providers based on fee-forgiving or other fraudulent billing practices. *See, e.g.*, *Sanctuary Surgical*, 5 F. Supp. 3d at 1358, 1362; *Ass'n of N.J. Chiropractors*, 2012 WL 1638166, at *7.

Moreover, none of Cigna's state law claims seek to enforce the terms of any plan. As this Court has previously held, "a claim is actionable under § 502(a)(3) only if it is brought by an entity exercising discretionary responsibility *in an action brought to enforce the terms of a plan*." *See Sanctuary Surgical*, 5 F. Supp. 3d at 1357 (emphasis in original). Cigna's non-ERISA causes of actions arise out of Sky Labs' unlawful conduct relating to fee-forgiving and patient referrals. Cigna's state law claims do not seek to enforce the terms of an ERISA plan or any obligations established by ERISA, nor do they hinge on the rights, responsibilities, or prohibitions created by ERISA or related regulations. Contrary to Sky Labs' arguments, the mere fact that Cigna may refer to plans in connection with its state law claims does not mean that those claims "relate" to an ERISA plan. *See Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1406-07 (11th Cir. 1994) ("the mere fact that the plaintiffs' damages may be affected by a calculation of pension benefits is not sufficient to warrant preemption").

Additionally, Cigna's state law claims seek monetary relief that is not available under ERISA § 502(a)(3). *See Sanctuary Surgical*, 5 F. Supp. 3d at 1361. Thus, Cigna could not have brought its state law claims under ERISA because Cigna is not maintaining its ***state law*** claims

11

as a fiduciary, and the relief sought with regard to those claims is not available under ERISA.

> **(2)** **Cigna's state law claims arise under duties that exist independent of ERISA.**

Sky Labs also cannot show that "no other legal duty" supports Cigna's state law claims. Sky Labs baldly asserts in the Motion that "a legal duty does not exist between Cigna and Sky that is independent of the provisions of the plans." Mot., ¶ 27. However, Cigna has alleged that Sky Labs purposefully directed misrepresentations to Cigna, Cigna relied on those misrepresentations, and Cigna has been harmed as a direct result of Sky Labs' conduct. Compl., ¶¶ 3, 5, 28, 47-49, 51. Cigna further alleges that Sky Labs violated common law in addition to Florida and Texas self-referral and anti-kickback laws, and that Sky Labs' violation of those laws harmed Cigna. Thus, the Complaint identifies duties that exist independent of ERISA.

Notably, in rejecting the very same arguments Sky Labs advances in the Motion, several courts, including this Court, held that the common law and statutory duties to refrain from making misrepresentations in the submission of insurance claims exist independent of ERISA, and in no way are dependent on the terms of any ERISA plan. *See, e.g.*, *Sanctuary Surgical*, 5 F. Supp. 3d at 1361.

The same is true here. To the extent complete preemption is even relevant to the Court's analysis, it is apparent that Sky Labs cannot satisfy either element of the complete preemption doctrine. Therefore, Cigna's state law claims are not preempted.

> **b.** **Cigna's State Law Claims Are Not Conflict Preempted.**

Sky Labs also asserts that Cigna's state law claims are barred under the doctrine of conflict preemption. Although conflict preemption can provide a defense to a claim properly before the Court, an analysis of Cigna's claims demonstrates they are not conflict preempted.

Conflict preemption applies as a defense to a cause of action that "relates to" an ERISA

plan.  *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).  While this language is broad, the Supreme Court has warned that ERISA does not preempt "run-of-the-mill state-law claims" even though such claims "affect[] and involve[] ERISA plans and their trustees." *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 833 (1988).

Applying this standard, the Eleventh Circuit has held that a state law claim does not "relate to" an ERISA plan unless it "affect[s] relations among principal ERISA entities as such." *Morstein*, 93 F.3d at 722-23.  As this Court held, state law claims that do not charge an ERISA entity with impropriety under ERISA or do not have a sufficient nexus with an ERISA plan do not relate to ERISA and are therefore not preempted.  *Sanctuary Surgical*, 5 F. Supp. 3d at 1362.

Under the foregoing authorities, Cigna's state law claims are not conflict preempted. Sky Labs are not ERISA entities.  Therefore, Cigna's state law causes of action do not affect the relationship among ERISA entities.  Similarly, Cigna's claims arise out of Sky Labs' alleged violation of duties arising under state law, and Cigna's state claims are not predicated upon rights and restrictions that arise under ERISA or an ERISA governed plan.  Rather, Cigna's claims are founded upon duties that exist wholly independent of ERISA.

Under similar circumstances, this Court held that ERISA does not preempt an insurance company's state law claims against a provider who engages in the type of fraudulent activities alleged in the Complaint.  In particular, in *Sanctuary Surgical*, United Healthcare, an insurance company and third-party administrator for a variety of self-funded benefits plans, sued a group of out-of-network surgery centers and affiliated billing companies after receiving fraudulent bills that originated from illegal kickback and fee-splitting arrangements. 5 F. Supp. 3d at 1353-55. United Healthcare based its claims, in part, on allegations virtually identical to the scheme alleged in this case.  *Id.* at 1355.  Relying upon these allegations, United Healthcare asserted

many of the very same claims Cigna has asserted in this case.  *Id.* at 1354-55.

Judge Hurley denied the defendants' motion to dismiss, holding that ERISA did not preempt any of United Healthcare's causes of action.  The Court held that United Healthcare's claims were not completely preempted because United Healthcare could not have brought its claims under ERISA and even if United was an ERISA fiduciary, its claims were based on duties derived from state common law and statutes. *Id.* at 1357-61.  As a result, the Court held that United Healthcare's state law claims were not preempted because they lacked a sufficient connection with ERISA. *Id.* at 1361-63.

The same result should be reached here. Cigna's Complaint contains substantially similar allegations and, with the exception of civil theft, asserts the same causes of action asserted in *Sanctuary Surgical*.  Like the insurer's claims in the *Sanctuary Surgical* case, and several similar cases,[6] Cigna's claims are based upon duties that exist under state law and do not seek to enforce rights or obligations that exist under ERISA, Cigna has not asserted its state law claims in its capacity as an ERISA fiduciary, and the relief Cigna seeks under those claims is not available to

---

[6] *See True View Surgery Ctr. One, LP*, No. 3:14-cv-1859 (AVC), at *23-33 (Exhibit 1) (ERISA did not preempt insurer's state law fraud and unjust enrichment claims against providers who engaged in fee-forgiving); *Dist. Council 16 N. Cal. Health & Welfare Trust Fund v. Sutter Health*, No. 15-CV-00735-TEH, 2015 WL 2398543, at *1-6 (N.D. Cal. May 19, 2015) (ERISA did not preempt statutory unfair competition claim); *Arapahoe Surgery Ctr.*, 2015 WL 1041515, at *6–7 (ERISA did not preempt insurer's state law claims against surgery center); *Conn. Gen. Life Ins. Co. v. Advanced Chiropractic Healthcare*, 54 F. Supp. 3d 260, 264-68 (E.D.N.Y. 2014) (ERISA did not preempt insurer's claims for fraud, unjust enrichment, and money had and received); *Nutrishare*, 2014 WL 1028351, at *5-8 (ERISA did not preempt insurer's state statutory and common law claims); *Ass'n of N.J. Chiropractors v. Aetna, Inc.*, No. CIV.A. 09-3761 JAP, 2012 WL 1638166, at *7 (D.N.J. May 8, 2012); *Health Goals Chiropractic Ctr., Inc.*, 2011 WL 1343047, at *3–6 (ERISA did not preempt insurer's common law claims); *Aetna Health Inc. v. Srinivasan*, No. CIV. 10-4858 FSH, 2010 WL 5392697, at *3 (D.N.J. Dec. 22, 2010); *Mass. Mut. Life Ins. Co. v. Marinari*, No. CIV.A. 07-2473 (FLW), 2009 WL 5171862, at *6-9 (D.N.J. Dec. 29, 2009) (ERISA did not preempt insurer's claim under state fraud statute); *Horizon Blue Cross Blue Shield of N.J. v. E. Brunswick Surgery Ctr.*, 623 F. Supp. 2d 568, 573-78 (D.N.J. 2009) (ERISA did not preempt plan administrator's claims for fraud, insurance fraud, negligent misrepresentation, and tortious interference).

Cigna under ERISA.  Cigna's state law claims do not have a nexus with ERISA and are therefore not conflict preempted.

The cases Sky Labs attempts to rely upon are inapposite.  The vast majority of the cases Sky Labs cites in support of its preemption argument involved claims brought by ERISA beneficiaries or their assignees *against* fiduciaries and administrators.  Here, it is readily apparent that this case was not instituted by a plan beneficiary to enforce the terms of a plan or to recover benefits alleged to be due under a plan.  *See E. Brunswick Surgery Ctr.*, 623 F. Supp. 2d at 577 (recognizing "an appreciable difference" between suits against ERISA entities and suits by ERISA entities).  Therefore, the cases cited by Sky Labs have little application to this case.

Moreover, in support of its preemption arguments, Sky Labs has cited to only five cases that involve claims brought by an insurer or third-party administrator, none of which even remotely undermine the conclusion that Cigna's state law claims are not conflict preempted.[7] *TAP Pharmaceutical* involved a suit against another ERISA entity. 274 F. Supp. 2d at 813.  The court in *North Cypress* did not analyze Cigna's state law claims. 781 F.3d at 190-207.  The court's opinion in *Coldesina* actually undermines Sky Labs' preemption argument, as the court in that case held that the plan's negligent supervision claim was not preempted by ERISA because it "implicated an independent legal duty recognized in agency and tort law." 407 F.3d at 1137-38.  While the court in *Korsen* did hold that an insurer's claims against two providers were preempted, the insurer's claim there were based on duties arising out of the parties' in-network agreements, which incorporated the ERISA plan terms. 746 F. Supp. 2d at 382-83. The present

---

[7] *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182 (5th Cir. 2015); *Coldesina v. Estate of Simper*, 407 F.3d 1126 (10th Cir. 2005); *Blue Cross & Blue Shield of R.I. v. Korsen*, 746 F. Supp. 2d 375 (D.R.I. 2010); *Health Care Serv. Corp. v. TAP Pharm. Prods., Inc.*, 274 F. Supp. 2d 807 (E.D. Tex. 2003); *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002).

case does not involve network agreements (and Cigna has not asserted its state law claims to enforce the plans' respective terms). *See Sanctuary Surgical*, 5 F. Supp. 3d at 1358 (considering but not adopting *Koren's* "expansive approach"). Finally, Sky Labs apparently misreads *Long*— its holding is exactly the opposite of what Sky Labs represents in its Motion. *Compare* Mot., ¶ 15 ("claims for unjust enrichment by the insurer to recover overpayment were pre-empted") *with Long*, 227 F. Supp. 2d at 614-15 (granting summary judgment *in favor of insurer* on its federal common law unjust enrichment claim). In short, Cigna's state law claims are not barred by conflict preemption because they do not "affect the relationship among ERISA entities" or "relate to" an ERISA plan.

**E.     Cigna May Seek Declaratory Relief.**

Sky Labs' attempt to dismiss Cigna's claim for declaratory relief fares no better than any of its foregoing arguments. *See* Mot., ¶ 29. As alleged in the Complaint, Cigna seeks a declaration that Sky Labs' claims, whether paid or pending, are "not for covered services and are not payable under employee health and welfare benefit plans that are insured and/or administered by Cigna." Compl., ¶¶ 63-73. There is an actual justiciable controversy between the parties regarding whether Sky Labs has any right to retain the amounts already paid to Sky Labs, and whether Cigna is under any obligation to pay the approximately $13 million in claims Sky Labs has submitted to Cigna but have been denied. That controversy exists independent of any party's private right to sue under various health care fraud statutes. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, LLC*, 9 F. Supp. 3d 1303, 1313 (M.D. Fla. 2014); *Allstate Ins. v. Vizcay*, No. 8:11-cv-00804-EAK-EAJ, 2011 WL 5870016, at *1, 3-4 (M.D. Fla. Nov. 22, 2011). Therefore, Cigna has stated a proper claim for declaratory relief.

**F.     The Complaint Pleads Fraud With Particularity.**

The Complaint describes in detail the long-running scheme by which Sky Labs defrauded

Cigna.  It is beyond question that the conduct alleged in the Complaint, if established, constitutes fraud and is unlawful.[8]

Specifically, courts have held that when fraud related claims arise out of, at least in part, an improper billing scheme, stating with particularity the circumstances that constitute fraud does not necessarily and always mean stating the contents of every bill. *U.S. ex rel. Grubbs v. Kanneganti, et al.*, 565 F. 3d 180 (5th Cir. 2009); *see also Fustok v. UnitedHealth Grp., Inc.*, No. 12-CV-787, 2013 WL 2189874, at *5 (S.D. Tex. May 20, 2013). "This is especially true when the fraud alleged extended over a period of time . . . ." *Fustok*, 2013 WL 2189874, at *5. When, as here, the plaintiff alleges fraud occurred over a period of years, the plaintiff is not required to allege all facts supporting every instance the defendant engaged in fraud. *Id.*  Courts have applied the foregoing principles in finding that insurance companies or other payors had satisfied the requirements of Rule 9(b) based upon a medical care provider's long-running fraudulent schemes. *See, e.g.*, *Aetna Life Ins. Co. v. Warren Med. Imaging, LLC,* No. 4:13-cv-00102, 2013 WL 3833507, at *3 (E.D. Tex. Jul. 22, 2013); *Fustok*, 2013 WL 2189874, at *5; *Ctr. for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, No. 11-806, 2014 WL 4930443, at *7 (E.D. La. Sept. 30, 2014).   Most recently, the United States District Court for the Eastern District of Texas found that similar allegations supported Cigna's claims for fraud.[9]  *Ct. Gen. Life Ins. Co. v. Texas Spine & Joint Hosp., Ltd.*, No. 6:14-cv-00765, Dkt. No. 22 (E.D. Tex.

---

[8] For example, the United States District Court for the District of Hawaii stated federal courts have long recognized that waiver of copayments is a fraudulent and deceptive business practice. *Tom v. Haw. Dental Serv.*, 606 F. Supp. 584 (D. Haw. 1985) (citing *Feiler v. N.J. Dental Ass'n*, 467 A.2d 276 (N.J. 1983)). The Office of Inspector General for the United States Department of Health and Human Resources has similarly stated that the "[r]outine waiver of deductibles and copayments by charge-based providers, practitioners or suppliers is unlawful because it results in . . . false claims . . . [and] excessive utilization of items and services paid for by Medicare." HHS-OIG Special Fraud Alerts, (Dec. 19, 1994). Fee-forgiving is also prohibited by Florida and Texas laws.  *See* Fla. Stat. Ann. § 817.234(7); Tex. Ins. Code § 1204.055(b).

[9] Cigna also maintains claims under ERISA along-side the fraud claims in the *Texas Spine* case.

Jul. 9, 2015).

The allegations in the Complaint describe Sky Lab's alleged conduct with the level of specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.   The following allegations establish that Cigna provided the who, what, when, where, and how as to Sky Labs' fraudulent scheme:

- Sky Labs engaged in healthcare profiteering that victimized Cigna, its health care benefits plans, and its participants on a regular and ongoing basis. Compl., ¶¶ 3, 5.

- Cigna conducted an investigation into Sky Labs' practices, which included an audit of billing records submitted by Sky Labs, along with a survey of Cigna plan members who sought treatment at Sky Labs. *Id.*, ¶¶ 34, 46.

- Sky Labs engaged in widespread fee forgiving. *Id.*, ¶¶ 3, 5, 44. Sky Labs routinely waived or drastically under-collected the plan members' share of financial responsibility for the cost of services provided by Sky Labs, misrepresented to the plan members the amounts Sky Labs billed to Cigna, and refused to hold the plan members responsible for any amounts Cigna did not pay. *Id.*, ¶¶ 3-5, 38.

- Sky Labs severely under-collected, and in many instances did not collect any amount of coinsurance, co-payment, deductible, and/or patient cost-sharing responsibility from the plan members. *Id.*, ¶¶ 3, 45.

- Sky Labs induced plan members by misrepresenting the cost-of-care to the patients, failing to bill and collect the appropriate amount of patient cost-sharing responsibility from the plan members, and submitting fraudulent and inflated charges to Cigna. *Id.*, ¶¶ 3, 5, 45.

- Cigna was not informed by Sky Labs that the amounts billed to Cigna were different than the amounts patients were obligated to pay, and Sky Labs intentionally failed to disclose that fact to Cigna. *Id.*, ¶¶ 3, 5.

- Cigna plan members have advised Cigna that they were not informed that Sky Labs was, and remains, an out-of-network provider. The plan members also informed Cigna that Sky Labs did not attempt to hold the plan members responsible for amounts that were billed to but not paid by Cigna. *Id.*, ¶¶ 46.

- Sky Labs billed Cigna amounts 400% greater than the amount that would be paid for patients covered under Medicare. *Id.*, ¶ 37.

- Sky Labs knowingly and intentionally misrepresented to Cigna that the claims submitted to Cigna were the actual, total charges for the products and services provided to the plan members. *Id.*, ¶¶ 3, 5, 47.

- Sky Labs also knowingly and intentionally failed to disclose to Cigna that Sky Labs had

18

waived in full or in part the plan members' copayment, deductible, coinsurance and/or other patient cost-sharing responsibility under the plans. *Id.*, ¶¶ 3, 38.

- Sky Labs knew that the charges it submitted to Cigna were false and that it was misrepresenting charges submitted to Cigna. Cigna reasonably relied on the misrepresentations regarding the amount of the charges Sky Labs billed to Cigna in processing and paying the claims submitted by Sky Labs. *Id.*, ¶¶ 47-49.

- Sky Labs submitted the claims to Cigna with the intent to induce Cigna to rely on Sky Labs' false representations and omissions alleged herein. *Id.*, ¶¶ 3, 5.

- Sky Labs engaged in an unlawful patient-referral scheme and failed to disclose that conduct to Cigna.  *Id.*, ¶¶ 4, 5, 40, 41, 59.

- Cigna was fraudulently induced into paying Sky Labs in excess of $20 million dollars. *Id.*, ¶¶ 3, 28, 51.

In addition to describing the fraudulent scheme Sky Labs engaged in, Exhibit A to the Complaint provides additional factual enhancement by identifying the time period over which Sky Labs submitted fraudulent claims to Cigna,[10] the dates that Sky Labs provided services to Cigna plan members, the claim numbers for the claims submitted to Cigna, the dates Sky Labs provided services to the plan members, the amounts that Sky Labs billed to Cigna, and the amounts that Sky Labs received a result of its fee-forgiving and kickback scheme.  See Compl., Ex. A.  Notably, courts routinely recognize that in the context of a large healthcare fraud case, a detailed appendix, like the one attached as Exhibit A to the Complaint, satisfies the requirements of Rule 9(b).  *See State Farm Mut. Auto. Ins. Co. v. Kugler*, No. 11-80051, 2011 WL 4389915, at *4 (S.D. Fla. Sept. 21, 2011); *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, No. 04CV5045(ILG), 2008 WL 4146190, at *12 (E.D.N.Y. Sept. 5, 2008); *Aiu Ins. Co. v. Olmecs Med. Supply, Inc.*, 2005 WL 3710370, at *12 (E.D.N.Y. Feb. 22, 2005).

Contrary to Sky Labs' abbreviated 9(b) argument, the Complaint provides concrete

---

[10] Cigna generally stopped paying claims submitted by Sky Labs on or around February/March 2015, but Sky Labs did not stop engaging in the practices that give rise to Cigna's claims in this case.

examples of how Sky Labs successfully employed its scheme to swindle millions of dollars in reimbursements from Cigna and the plans it insures or administers.  In cases arising out of similar factual scenarios, courts have found similar allegations, some of which are far less robust than those contained in the Complaint, satisfied the requirements of Rule 9(b).  *See Aetna Life Ins. Co. v*, 2013 WL 3833507, at *3; *Fustok*, 2013 WL 2189874, at *5; *Ctr. for Reconstructive Breast Surgery, LLC*, 2014 WL 4930442, at *7. The result should not be any different here.

**G.**     **Cigna May Seek Relief Based on Sky Labs' Alleged Violation of Florida Statutes.**

Sky Labs concludes in the Motion, without any authority or analysis, that no private right of action exists under the Florida insurance and health statutes referenced in the Complaint. Sky Labs is simply incorrect. The Court in *Sanctuary Surgical* held that an insurer could maintain fraud and FUDTPA claims based on alleged violations of the exact same statutes referenced in the Complaint. 5 F. Supp. 3d at 1353-55, 1363-66; *cf. Physicians Grp. of Sarasota*, 9 F. Supp. 3d at 1306, 1311 (holding that alleged violations of FDUTPA, §456.054, and §817.505 were sufficient to state claim for fraud); *Bennett v. Liberty Mut. Fire Ins. Co.*, No. 01-13634 (09), 2001 WL 36174972, at *1 (Fla. Cir. Ct. Dec. 6, 2001) (recognizing private right of action under § 817.234).

## IV.     CONCLUSION

Accordingly, Cigna respectfully requests that this Court enter an Order denying Sky Labs' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) in its entirety.

Dated:  September 14, 2015          **Respectfully submitted,**

                              */s/ Ardith Bronson*            
Ardith Bronson
Florida Bar No. 423025
ardith.bronson@dlapiper.com
Michael G. Austin
Florida Bar No. 457205
michael.austin@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Tel: 305.423.8562
Fax: 305.675.6366

*COUNSEL FOR PLAINTIFFS
CONNECTICUT GENERAL LIFE
INSURANCE COMPANY and CIGNA
HEALTH AND LIFE INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on September 14, 2015, and has been served on all counsel who have consented to electronic service.

                              */s/ Ardith Bronson*            
Ardith Bronson