## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 15-CIV-80994-ZLOCH/HUNT

| | |
|---|---|
| **CONNECTICUT GENERAL LIFE**<br>**INSURANCE COMPANY AND CIGNA**<br>**HEALTH AND LIFE INSURANCE**<br>**COMPANY,** | §<br>§<br>§<br>§<br>§ |
| **Plaintiffs,** | §<br>§ |
| **VS.** | §<br>§ |
| **SKY TOXICOLOGY, LTD., SKY**<br>**TOXICOLOGY LAB MANAGEMENT,**<br>**LLC, FRONTIER TOXICOLOGY, LTD.,**<br>**AND HILL COUNTRY TOXICOLOGY,**<br>**LTD.** | §<br>§<br>§<br>§<br>§<br>§ |
| **Defendants.** | § |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(1) AND 12(B)(6)

The Defendants (collectively "Sky") submit this reply brief to address deficiencies and inaccuracies contained in Cigna's Response, which further demonstrate why the Complaint is legally and factually insufficient and should be dismissed.[1]

### *SERIATIM* REPLIES TO CIGNA'S POSITIONS

***Sky is not Required to Challenge Cigna's ERISA Claims in its Motion to Dismiss:***

1.      Cigna points out that Sky did not challenge its ERISA claims in its Motion.  (DE  22, p. 5).  Sky is not obligated to, and it would be improper, to challenge the underlying ERISA claims in a 12(b) Motion.  Sky has not waived any defenses to Cigna's ERISA claims.  Any challenge to Cigna's alleged ERISA claims will be addressed in dispositive pleadings once the threshold issue of

---

[1]    To be clear, and as argued by Sky in its Motion to Dismiss, ERISA preemption compels the dismissal of all claims asserted by Cigna, except those brought under ERISA § 502(a)(3).

ERISA preemption has been resolved.

***Cigna has Failed to Identify or Allege Specific facts as to Non- ERISA Plans:***

2.       Cigna says that its Complaint must survive as to the non-ERISA plans.  As an initial deficiency, Cigna has failed to disclose documentation or plead with any level of particularity the number of non-ERISA plans or members at issue.  Therefore, it is not possible for Sky to address in its 12(b) Motion whether Cigna's claims are proper, or if Cigna has suffered an injury-in-fact as they relate to the non-ERISA plans.  Sky does not know the number of non-ERISA plans involved in Cigna's Complaint, if any, the terms of those plans, what provisions of those plans are applicable, and whether Cigna has standing to pursue its causes of action.  It is disingenuous for Cigna to claim that Sky's Motion is unfounded in light of Cigna's utter failure to properly identify the non-ERISA plans it claims are at issue.  Cigna has failed to satisfy Rule 8(a)(2)'s requirement that Cigna plead with sufficient particularity that it is entitled to relief on behalf of its non-ERISA plans, and those claims must therefore be dismissed as a matter of law.

***Cigna does not have Standing to Pursue its State Law Claims:***

3.       Cigna claims that its Administrative Services Only Agreements ("ASOs") confer to Cigna the right to sue on behalf of the plans to recover overpayments.  However, the sample "ASO" provided by Cigna does not obligate Cigna to pursue litigation on the plan's behalf.  *See* DE 1-8. The sample ASO also provides that Cigna "shall not be responsible for reimbursing any unrecovered payments of Plan Benefits unless made as a result of its gross negligence or intentional wrongdoing." (DE 1-8, p. 5)  Thus, pursuant to the terms of the ASOs, and based on Cigna's allegations here, Cigna bears no liability and has sustained zero damages with regard to any alleged overpayments.  This means Cigna lacks standing to pursue these claims.  More specifically, to establish standing, Cigna must: (a) demonstrate an *injury-in-fact*, which is concrete, distinct and

palpable and actual or imminent; (b) establish a causal connection between the injury and the conduct complained of; and, (c) show a substantial likelihood that the requested relief will remedy the alleged *injury-in-fact*. *See McConnell v. Fed'l Election Comm'n*, 540 U.S. 93, 225-26 (2003); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (observing that the Constitution requires the satisfaction of at minimum three elements to confer standing: the party must have suffered "an injury in fact," a "causal connection between the injury and the conduct complained of" and it must be "likely…that the injury will be redressed by a favorable decision").   Cigna has not pled with any particularity that it suffered an "injury in fact" as confirmed by the ASOs, and it therefore lacks standing to pursue these claims

4.     The plan sponsors, not Cigna, sustained the alleged losses.  Federal jurisdiction is limited and federal courts possess "only the power that is authorized by Article III of the U.S. Constitution and statutes enacted by Congress pursuant thereto."  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 434, 541 (1986).  This means that federal courts are limited to "adjudicating actual 'cases' and 'controversies.'"  *See Allen v. White*, 468 U.S. 737, 750 (1984).  Cigna bears the burden of demonstrating the requirements of standing are satisfied, and it has failed to do so here.

***Cigna Does Not Have Standing To Bring State Law Claims Because All Of The Alleged Damages Were Borne By Self-Funded Plans, Not By Cigna:***

5.     Cigna claims to have overpaid Sky and thus, suffered damages.  With respect to the self-funded plans, it is the plan that incurs the liability and pays the benefit as defined by the plan's terms.  Cigna bears no obligation or financial risk for failure to recover overpayments. (DE 1-8, p. 5).  Cigna merely processes claims with regard to those plans, and Cigna  does not incur the liability or pay the benefit from its own funds.  Cigna is therefore  not the real party-in-interest with respect to the self-funded plans.  *See Connecticut Gen. Life Ins. Co., et al v. LaPeer Surgery Center, LLC, et al*, No. 2:13-cv-03726, 2014 WL 961806 (C.D. Cal. March 12, 2014).

3

***Cigna, as not the Real Party-In-Interest, Cannot Bring Tort Claims in its Own Name for Damages Allegedly Suffered by Self-Funded Plans Under State Law Principles:***

6.      The relationship between Cigna and the plan sponsors is that of principal and agent: Cigna, the agent, processes the payment of claims on behalf of the sponsor, the principal, pursuant to the terms of ASOs.  As a result of the principal-agent relationship, Cigna's standing to sue Sky in Cigna's individual capacity must be determined by reference to agency law.  "The *Restatement (Second) of Agency* § 372(2) (1958) says that an agent does not have such an interest in a contract as to entitle him to maintain an action at law upon it in his own name merely because he is entitled to a portion of the proceeds as compensation for making it or because he is liable for its breach." *Cob Clearinghouse Corp. v. Cigna U.S. Healthcare, Inc.,* 362 F.3d 877, 882 (6th Cir. 2004) (citing the Restatement); *see also Media Placement, Inc., ex re. Church by the Sea v. Combined Broadcasting, Inc.*, 638 So.2d 105, 106 (Fla. 3d DCA 1994).  An agent *cannot* bring an action in its own name for a third party's tort against a principal *unless* the third party's actions were intended "for the purpose of harming the agent's interest."  *See Moorer v. Hartz Seed Co.*, 120 F. Supp. 2d 1283, 1289 (M.D. Ala. 2000).  All of Sky's alleged acts involved Cigna acting as an agent for the self-funded plans, and Cigna has suffered no injury independent from the alleged injury the self-funded plans might have suffered.  *Id.* at 1290.

7.      Thus, it is the self-funded plans and the sponsors who, pursuant to Rule 19(a)(1), Fed. R. Civ. P., are necessary parties to this litigation.  Indeed, Cigna admits in its Response that, "Cigna exercises discretionary authority in the administration of claims and has contractual obligations to recover funds mistakenly paid to, or fraudulently obtained by health care providers" and that its ASOs "require it to recover overpayments made on *the plans' behalf."*  (DE. 22, pp. 6-7) (emphasis added).  As a consequence, Cigna does not have standing as it is the not the real party-in-interest entitled to pursue the state law claims because the plan sponsors are the only indispensable parties

that could claim direct damages under the causes of action found in Cigna's Complaint.   *See* Rule 19(a)(1), Fed. R. Civ. P.

**Cigna's Claims are Preempted by ERISA:**

8.     The overwhelming majority of the plans at issue are either fully insured employer policies or self-funded employer plans administered by Cigna.   Pre-emption exists because "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA."   *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).   Cigna has admitted it was acting as a fiduciary with discretionary authority in handling the plans at issue, and that it has administered the claims at issue utilizing its discretionary authority pursuant to the plan terms. (DE 22, p. 10).   It also has control over plan assets as it has the power to and does debit plan sponsors' bank accounts to pay claims. As a fiduciary, Cigna would be entitled to relief under ERISA § 502(a).   But for the existence of the plan language, the patients' assignments to SKY and Cigna's agreement to administer the plans on behalf of the employer, there would be no relationship between SKY and Cigna with regard to these claims.[2]

9.     Cigna cites distinguishable *Cigna Life Ins. Co. v. Huntington Valley Surgery Cntr*. to support its contention that "insurers can bring state law claims against providers who engage in fee forgiving and other fraud with regard to claims submitted to self-funded plans."   No. 2:13-cv-3101-WY, 2012 WL 4116963, at *4 (E.D. Pa. Aug. 19, 2014).   Unlike here, the defendant in *Huntington Valley* failed to establish that the plaintiff was an administrator of ERISA plans in its 12(b) motion and failed to support its motion with sufficient authorities supporting its contentions. *Id.* at *5.   The

---

[2] *See also Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 149–50 (3d Cir. 2007) (noting that the core areas of concern for a determination of ERISA preemption is if the causes of action in anyway relate to "funding, benefits, reporting, and administration").

*Huntington Valley* court *did not* hold that causes of action for fee forgiveness, anti-kickback statutory violations and fraud pertaining to self-funded plans are not preempted under ERISA.[3]

10.    Cigna also incorrectly cites *Cigna Health Inc. v. Health Goals Chiropractic Ctr., Inc.*, No. 10–5216–NLH–JS, 2011 WL 1343047, at *5 (D.N.J. Apr. 7, 2011), to support its argument that fee forgiveness and fraud causes of action are not preempted.  The defendant in *Health Goals* was an *in-network* provider, which was significant for the court in finding that ERISA preemption did not apply under those circumstance. *Id.*  In other words, there was a contract between the provider and the payor.  The plaintiff did not file suit seeking to recoup overpayments on behalf of its plans, and the court determined that the plaintiff was not a fiduciary of its plans as it pertained to the state claims.  *Id.  Health Goals* is distinguishable because Sky is not an in-network provider; there is no contract; and, Cigna has admitted that it is acting as a fiduciary on behalf of its plans seeking overpayments.

11.    Likewise, *United Healthcare Servs., Inc. v. Sanctuary Surgical Ctr., Inc*., 5 F. Supp. 3d 1350, 1356 (S.D. Fla. 2014), is an outlier case that is distinguishable.  In that case, United Healthcare made the lack of proper assignments of benefits a major point of contention throughout the course of the case. *Id.*  Here, Sky alleges the existence of valid assignments.  The court in *Sanctuary* found that an ERISA plan seeking redress against a non-ERISA entity (which is not the case here, an issue discussed *infra*) lacked a "sufficient connection with an ERISA-regulated plan to 'relate to' such a plan and trigger ERISA preemption."  5 F. Supp. at 1363.  There, the court did cite to numerous distinguishing cases that were deemed preempted involving allegations of state

---

[3] It is also noteworthy that the recently issued Order for summary judgment ruling in *Cigna Life Ins. Co. v. Huntington Valley Surgery Cntr.*, No. 2:13-cv-3101-WY, 2015 U.S. Dis. Lexis 122488 at *22 (E.D. Pa. September 15, 2015), a case which Cigna conveniently states is analogous to the present matter, determined that a strict interpretation of Pennsylvania's anti-kickback law established that the law did not apply to the defendants who are similarly situated as the Defendants in this matter.

common law and statutory violations. *Id.*  The unifying factor in each of the cited cases was that the plaintiff(s) and the defendant(s) were either ERISA participants or ERISA entities, which is also the case here.  For example:

> *Jones v. LMR Intern., Inc*., 457 F.3d 1174 (11th Cir. 2006) (employees' state law claims against employer and insurance company for fraud, breach of contract, civil theft, unjust enrichment, and negligence arising out of cancellation of health insurance held "related to" and preempted by ERISA);

> *Butero v. Royal Maccabees Life Ins. Co*., 174 F.3d 1207, 1212 (11th Cir. 1999) (relief is available under ERISA civil enforcement mechanism only when defendant is an ERISA entity)

> *Parkman v. Prudential Ins. Co. of America*, 439 F.3d 767 (8th Cir. 2006) (fraud claim against plan administrator and employer based on administrator's mishandling of claim for long term disability benefits held preempted by ERISA)

*Id.*

12.     The liability in this case derives entirely from the rights and obligations established by the benefit plans.  The terms of the plans are actually at issue, and Sky's alleged "obligation" not to submit certain charges to the plan depends on and derives from the ERISA plan terms.  *See St. Luke's Hosp. v. Acordia Nat'l & Kunstsvo*, No. H-05-1438, 2006 WL 3093132 at *11 (S.D. Tex. June 8, 2006).  But for coverage under the Cigna plans, not one cent would have been paid by Cigna to Sky, as there is no contract between Sky and Cigna.  The only manner for Cigna to pay money to an out-of-network facility provider like Sky is *via* the plan language and the interpretation of that language.  "The interpretation of the terms of [the] benefit plans form an essential part of [Cigna's] claims." *Acordia* at *11.

13.     Here, Sky is an ERISA entity.  It brings claims as the assignee of the ERISA members.  *See generally Hobbs v. Blue Cross Blue Shield*, 276 F.3d 1236, 1241 (11th Cir. 2001) ("The law is clear that when a health care provider is suing in the shoes of a health plan benefit recipient, the ERISA preemption analysis is conducted as if the individual covered by the plan is asserting the claim.") (citation omitted).  Cigna, an ERISA entity, is seeking redress from Sky, an ERISA assignee-beneficiary via the member assignments.  The ruling in *Sanctuary* infers that matters

7

involving ERISA entities opposing ERISA beneficiaries under these facts will be preempted. *Id.*

14.     Cigna also mischaracterizes the rulings in *Conn. Gen. Life Ins. Co. v. True View Surgery Ctr. One, LP*, No. 3:14-cv-1859 (AVC) (D. Conn. Aug. 31, 2015) and *Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc*., No. 13–CV– 3422–WJM–CBS, 2015 WL 1041515, at \*4 (D. Colo. Mar. 6, 2015).  In *True View,* the court stated that preemption applies where a cause of action relies upon the interpretation of the terms of the plans.  *Id.* at \*11.   The court refused to dismiss Cigna's fraud claims in that cause because the allegations related to the provider's alleged fraudulent billing practices and did not require an interpretation of the plan terms.  *Id.*  In *Arapahoe,* the provider failed to explain in its motion to dismiss how the alleged fraudulent billing practices related to the plans other than economically impacting the plan.  *Id.*  at \*7.

15.     Here, Cigna's causes of action, including its allegations of fraud, stem directly from Cigna's obligations under the plans.  Cigna states that its fraud claim stems from its reasonable reliance "on Sky's representations and paid more for Sky Labs services than it is *obligated under the terms of the plans*…(that the) *terms of the plans* require Cigna customers to satisfy their full, out-of-network responsibilities first… Sky Labs knew or reasonably should have known that its *patient's plans* required the patients to pay for a portion of the charges… "  (DE 1, p. 14) (emphasis added).  The interpretation of plan terms is material to the determination of Cigna's fraud claims.

16.     *Sanctuary, True View,* and *Arapahoe* also went against established precedent that state law fraud claims involving ERISA plans are preempted by ERISA.  In *Blue Cross and Blue Shield of Alabama v. Weitz,* the 11th Circuit found that "[a]n equitable action to recover benefits erroneously paid ... falls within the clear grant of jurisdiction contained in 29 U.S.C. § 1132(a)(3)."  913 F.2d 1544, 1546 (11th Cir.1990).  In *Blue Cross & Blue Shield v. Korsen*, 746 F. Supp. 2d 375 (D.R.I. 2010), the court held that common law causes of action for allegedly fraudulent conduct by a

provider -- including improper coding and providing medically unnecessary services -- were preempted by ERISA because the propriety of such conduct derived from the administrator's right to pay for only those services covered by the applicable ERISA plan.  *Id.* at 377.  In *Aflac, Inc. v. Bloom*, 948 F. Supp. 2d 1374, 1378 (M.D. Ga. 2013), it was determined that an insurer seeking to recoup amounts erroneously paid to a provider and pursuing causes of action for violations of state law were preempted by ERISA because the erroneous payments and associated statutory violations, if found, would ultimately be deemed to be in violation of the terms of the plan.

17.    Regardless of the nature of the alleged conduct for which Cigna seeks redress under its state and common law claims, the propriety of such alleged conduct by Sky can be ascertained *only* by reference to the terms of the Cigna plans.[4]  Cigna's primary connection to each and every one of its causes of actions stems from its administration and recoupment obligations as an ERISA third – party administrator on behalf of employment plans.   "The notion of what, as a matter of law, relates to a benefit plan under ERISA has always been a broad one," and "to not consider the terms of the plan, even in seemingly clear-cut circumstances of overpayment, would be to accept the insurer's overpayment determination at face value."  *Premier Health Ctr., P.C. v. UnitedHealth Group*, 292 F.R.D. 204, 222-23 (D.N.J. 2013).  "[T]he administrative procedure by which an insurer attempts to recoup overpayments based on what it believes to be fraudulent activity must allow the provider the opportunity to challenge that determination in accordance with ERISA procedures, lest the determination be accepted at face value."  *Id*. at 223.  By attempting to cast its claims for recoupment of overpayments as stemming from allegedly fraudulent conduct that violates Florida common law and statutes, Cigna seeks to deprive its patient members (in whose shoes Sky stands as the assignee of

---

[4] Preemption exists where a party "has to plead and the court has to find, that the plans were in fact adopted" because the court would then have to review any causes of action "in light of the [parties] benefits and rights under the plan."  *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012).

benefits) of the protections that ERISA and Cigna's own ERISA plans afford to beneficiaries/members, such as the right to appeal adverse benefits determinations. Cigna cannot avoid the reality that the monies that it believes were overpaid to Sky directly involve and relate to the ERISA plans and are thus governed and preempted by ERISA.

***Cigna May Not Seek Relief for Violations of Florida Statutes:***

18.     Cigna's statutory FDUTPA claim is plainly preempted. As observed in *Nat'l Renal Alliance, LLC v. Blue Cross & Blue Shield of Ga., Inc*., 598 F. Supp. 2d 1344 (N.D. Ga. 2009), "Numerous courts have concluded that state law unfair trade claims 'relate to' ERISA plans because they rely on the very existence of the plan in order to be viable. That is, the plan is the commercial transaction upon which the unfair trade claim is premised." *Id.* at 1359 (finding that the FDUTPA claim was preempted and citing, *inter alia, Nat'l Alcoholism Programs v. Palm Springs Hospital Employee Benefit Plan*, 825 F. Supp. 299 (S.D. Fla. 1993) (same)). That result is compelled here.[5]

***The Court Should Not Exercise Supplemental Jurisdiction Over Any Surviving State Law Claims***

19.     To the extent the Court finds that any of Cigna's state law claims survive the motion to dismiss, the Court should decline to exercise supplemental jurisdiction over them. *See Ameritox, Ltd. v. Millennium Labs., Inc.*, 2015 U.S. App. LEXIS 15664 (11th Cir. Sept. 3, 2015) (finding that the trial court's decision to retain supplemental jurisdiction over novel and complex state law unfair competition and tortious interference claims was an abuse of discretion; vacating the trial court's judgment; and remanding with instructions to dismiss the state law claims without prejudice).

**WHEREFORE,** the Defendants pray for the relief requested in their Rule 12(b) Motion, and for such other and further relief, legal and equitable, to which they may be entitled.

---

[5] Indeed, all of Cigna's state law claims require an analysis of plan documents and terms to determine what payments were allowed, *inter alia*, and therefore "relate to" ERISA.

10

Respectfully submitted,

By    *J. Douglas Sutter*
     **J. DOUGLAS SUTTER**
     *Motion for Admission Pro Hac Vice Pending*
     Federal Bar No. 3791
     Texas Bar No. 19525500
     dsutter@ksklawyers.com
     Kelly, Sutter & Kendrick, P.C.
     3050 Post Oak Blvd., Suite 200
     Houston, Texas  77056
     Telephone:  (713) 595-6000
     Facsimile:  (713) 595-6001

     **Counsel for Defendants**

By    *Erin M. Ferber*
     **ERIN M. FERBER, ESQ.**
     Florida Bar No. 68216
     Erin@NicholsonEastin.com
     Nicholson & Eastin, LLP
     707 NE 3rd Ave., Suite 301
     Fort Lauderdale, Florida  33304
     Telephone:  (954) 634-4400
     Facsimile:  (954) 634-4418

     **Local Counsel Only**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was served via electronic mail and the Court's ECF filing system on all counsel or parties of record on this 9th day of October, 2015.

     *Erin M. Ferber*
     **Erin M. Ferber**